375 A.2d 113

COMMONWEALTH of Pennsylvania

v.

William ROSS, Appellant.

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided June 29, 1977.

Ronald Morrison, Philadelphia, for appellant.

Joel W. Todd, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Philadelphia County. Appellant

was convicted, after a non-jury trial, of robbery and conspiracy. Motions for a new trial and arrest of judgment were denied and appellant was sentenced, on June 6, 1974, to one to ten years imprisonment on the robbery charge. On February 24, 1975, he filed a petition under the Post-Conviction Hearing Act, with the result that he was granted the right to appeal *nunc pro tunc.*

The sole question presented is whether the evidence is sufficient to sustain the conviction. The test of sufficiency is whether, accepting as true all the evidence and all reasonable inferences therefrom upon which the verdict could have been based, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Smith,* 447 Pa. 457, 463, 291 A.2d 103 (1972).

The Commonwealth's evidence showed that on September 14, 1973 appellant and a companion drove into a gasoline station located at Broad and Bainbridge Streets in Philadelphia. They borrowed a tire iron from the manager for the purpose of changing a flat tire. After they had changed the tire, and while appellant's companion was returning the tire iron, a man subsequently identified as Odine Bradley walked past appellant's car into the station, robbed an attendant at gunpoint, and walked away. Appellant's companion watched the robbery then returned to the car, which "shot out of the gas station," although in a different direction from that in which Bradley had departed. The manager called the police. The attendant, suspecting that the men in the car had been "trying to look out for" the robber, gave the police a description of the car. The conclusion that appellant and his companion were accomplices was based in part on the conduct of appellant's companion, who loitered suspiciously in the gas station after returning the tire iron, until Bradley appeared. The description of the car was broadcast, and about an hour later, it was sighted and stopped and appellant was arrested. He made a statement

at the police station which the investigating officer paraphrased as follows:

"He said that the car was his, and he had been at the gas station with a flat tire. He said that his lug wrench did not fit, and one of the men with him borrowed a wrench from the attendant and they changed the tire. After the tire was changed, Odine Bradley held up and robbed the attendant, and they fled in his car and went to the house at 2020 Ellsworth Street. He said the other man with them was Stan Fox, and that both of them were in the house at Ellsworth Street waiting for him to return. He said that to hurry up before they leave the house and to be careful of Bradley because he had a gun."

The police proceeded to the Ellsworth Street address, where they found and arrested Bradley and Fox. They also seized a .38 revolver.

Appellant took the stand at trial and denied ever having made the statement, claiming he was chained and beaten by the police—a claim he had never previously made. His testimony was otherwise ambivalent concerning the passengers in his car at the time he was arrested,[1] and was contradictory concerning how the police found out about his accomplices at the Ellsworth Street address. The trial judge, as the fact-finder, acted well within his discretion in determining that appellant's testimony was false.

The Commonwealth apparently relies on 18 Pa.C.S. 306,[2] which provides that:

"(b)  A person is legally accountable for the conduct of another person when:

.    .    .    .    .

(3)  he is an accomplice of such other person in the commission of the offense.

.    .    .    .    .

---

1.  The passengers were not involved in the robbery. Appellant once testified that his female passenger blurted-out the whereabouts of Bradley and Fox, in attempting to explain how the police learned they were at 2020 Ellsworth. At another point appellant testified that the passengers were strangers whom he had met in a bar and had offered to take home.

2.  Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

(c) . . . A person is an accomplice of another person in the commission of an offense if;

(1) with the intent of promoting or facilitating the commission of the offense, he:

" . . .

(ii) aids or agrees or attempts to aid such other person in planning or committing it . . ."

In the instant case all the evidence and the inferences properly arising therefrom are sufficient to support the conclusion that appellant was the driver of the getaway car used in connection with the robbery. As such, appellant aided and abetted in the commission of the robbery. *Commonwealth v. Esposito*, 236 Pa.Super. 127, 344 A.2d 655 (1975).

Judgment of sentence is affirmed.

HOFFMAN, J., files a dissenting opinion in which SPAETH, J., joins.

HOFFMAN, Judge, dissenting:

Appellant contends that the evidence was insufficient to convict him of robbery[1] and conspiracy.[2] I agree and would, therefore, vacate the judgment of sentence and order appellant discharged.

The following facts were adduced at trial. Appellant and a companion, Tom Fox, were at a Safeway gas station located at Broad and Bainbridge Streets, Philadelphia County, on September 14, 1973, in order to change a flat tire on appellant's car. Fox borrowed a tire iron from one of the gas station attendants. While appellant and Fox were changing the tire, Odine Bradley entered the gas station on foot. He walked directly to gas station attendant Daryl Dixon, placed a gun in Dixon's stomach, and demanded money. Dixon complied with the demand. Bradley immediately fled the gas station on foot and walked in a northerly

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 3701.

2. The Crimes Code, supra; 18 Pa.C.S. § 903.

direction on Broad Street. Bradley did not communicate with appellant or Fox in any way. Fox then returned the tire iron and he and appellant drove away, turning onto Bainbridge Street.

Approximately one hour later a police officer stopped appellant's car at 22nd and Christian Streets. The police transported Dixon to that location where he identified the car as having been at the gas station during the robbery. A police officer testified that appellant made the following statement while at the police station: "He said that the car was his, and he had been at the gas station with a flat tire. He said that his lug wrench did not fit, and one of the men with him borrowed a wrench from the attendant and they changed the tire. After the tire was changed, Odine Bradley then held up and robbed the attendant, and they fled in his car and went to the house at 2020 Ellsworth Street. He said the other man with them was Stan Fox, and that both of them were in the house at Ellsworth Street at this time waiting for him to return. He said that to hurry up before they leave the house and to be careful of Bradley because he had a gun."

Appellant testified that he and Fox were at the gas station changing a flat tire on September 14, 1973. Appellant saw Bradley walk into the station, approach Dixon, and then leave. After changing the tire, appellant and Fox left the station, had a beer at appellant's home and then drove to Fox's home at 15th and Carpenter. Fox left the car and appellant continued to 17th and Carpenter where he picked up two paying passengers, a man and woman. Appellant agreed to drive the pair to 23rd and St. Amore Streets. The police stopped the car a few moments later. Upon learning that appellant might have been involved in a robbery, the female passenger told the police that she had been at 2020 Ellsworth Street and that she had not been involved in a robbery.

Appellant waived a jury trial and on May 3, 1974, the lower court found him guilty of robbery and conspiracy. On June 6, 1974, the court sentenced appellant to a term of

imprisonment of one to ten years on the robbery charge and it suspended sentence on conspiracy. Appellant filed a petition under the Post Conviction Hearing Act and was given leave to appeal *nunc pro tunc.*

It is well-settled that the test for sufficiency of evidence, following a criminal conviction is whether the evidence, viewed in the light most favorable to the Commonwealth, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. Treftz,* 465 Pa. 614, 351 A.2d 265 (1976); *Commonwealth v. Smallwood,* 465 Pa. 392, 350 A.2d 822 (1976). Nonetheless, a conviction based upon mere conjecture or surmise will not be sustained. *Commonwealth v. Thomas,* 465 Pa. 442, 350 A.2d 847 (1976); *Commonwealth v. Stevens,* 237 Pa.Super. 457, 352 A.2d 509 (1975). Our Supreme Court has rejected the proposition that mere presence at the scene of a crime in the company of the alleged perpetrators is sufficient to sustain a conviction. *Commonwealth v. Roscioli,* 454 Pa. 59, 309 A.2d 396 (1973); *Commonwealth v. Thomas,* 450 Pa. 125, 299 A.2d 226 (1973); *Commonwealth v. Bailey,* 448 Pa. 224, 292 A.2d 345 (1972); *Commonwealth v. Garrett,* 423 Pa. 8, 222 A.2d 902 (1966). See also, *Commonwealth v. Leonhard,* 245 Pa.Super. 116, 369 A.2d 320 (filed November 22, 1976).

In the instant case, I would find insufficient evidence to convict appellant of robbery and conspiracy. The most that the Commonwealth has established is that appellant was at a gas station while it was being robbed. Appellant in no way participated in the robbery nor were any proceeds found in his possession. The Commonwealth's witnesses established that the actual robber did not approach or speak to appellant at any time at the station. They also clearly testified that the robber arrived and departed alone and on foot. Thus, the eyewitnesses to the robbery could not provide any evidence linking appellant to the crime; all they proved was appellant's presence at the scene of a robbery. The only testimony even remotely connecting appellant to the crime is that of a police officer who paraphrased a statement allegedly made by appellant. I find the state-

ment totally incomprehensible because it refers to a number of people by using personal pronouns which are not adequately explained. The officer uses the terms he, him, they, and them in such a way that is impossible to ascertain exactly to whom the officer or appellant was referring when using those pronouns. I believe that to convict appellant solely on the basis of the officer's testimony and appellant's presence at the scene, amounts to mere conjecture and surmise. Further, the evidence is so weak and inconclusive that the inferences of fact necessary to establish guilt could not be drawn.

I would vacate the judgment of sentence and order appellant discharged.

SPAETH, J., joins this dissenting opinion.