385 A.2d 574

**COMMONWEALTH of Pennsylvania**

v.

**Steven PITT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 10, 1976.

Decided April 13, 1978.

160

Edward A. Rudley, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant was arrested in March of 1973, when he was approximately 16½ years of age. He was initially charged with delinquency, and his cases were certified for trial in the Court of Common Pleas of Philadelphia County. Later, appellant appeared at hearings in the Family Court Division

on additional charges. These charges were also certified to the trial division, and it was ordered appellant be tried as an adult. In September of 1974, a hearing was held in Trial Division on appellant's petition which requested that he either be declared incompetent to stand trial, and committable under the Pennsylvania Mental Health Act or recertified to Juvenile Court for appropriate treatment. The Trial Division recertified to Family Court for disposition. However, in July of 1975, without a hearing, the case was again remanded to the Trial Division on the basis that the original remand from Trial Division had no legal efficacy. On January 1, 1976, Appellant pleaded guilty, in Trial Division, to two charges of rape and one charge of assault with intent to ravish. He was sentenced to two concurrent terms of five to fifteen years followed by a five year probation.

Appellant contends that the Trial Division did not have jurisdiction to accept his guilty plea because statute mandates that a hearing be held before a case may be transferred from Juvenile to Criminal Court, 1972, December 6, P.L. 1464, No. 333; 11 P.S. § 50–325. Appellant argues that the second transfer back to criminal court in July of 1975 was therefore invalid. However, if the order from the Trial Division, remanding the case to Juvenile Court, is without legal efficacy then the Juvenile Court was merely reinstating its original order when it transferred the case back to criminal court.

This case presents a novel question of whether a case can be recertified to Juvenile Court after it has been transferred from the same Juvenile Court. The main cases in this area deal with the requirements necessary in the transfer or certification procedures. *Commonwealth v. Pyle,* 462 Pa. 613, 342 A.2d 101 (1975), and *Commonwealth v. Greiner,* 236 Pa.Super. 289, 344 A.2d 915 (1976). However, there is no case dealing with a certification and a transfer in the same case.

 In dealing with a person who might potentially qualify for treatment as a juvenile, we must follow due process requirements. *See Commonwealth v. Pyle, supra.* These due process requirements were satisfied in the appel-

lant's original transfer from juvenile court to criminal court. Once the matter was certified to criminal court, the case could not be transferred back to juvenile court. The issue of appellant's nonamenability to treatment within the juvenile court system had been determined. That determination is final and should not be relitigated in another court.

■ Appellant would have this Court interpret § 50–325(e) of the above act, which allows murder to be transferred to juvenile court in accordance with § 50–303, as representing a legislative intent to give precedence to a transfer back to juvenile court. However, we believe the purpose of this section is simply to change the existing law. Under the former Juvenile Court law, there was no allowance for transfer in cases of murder. Once a prima facie case of felonious homicide was made out, the lower court judge had no alternative but to hold the juvenile for further proceedings in the Criminal courts. *Gaskins' Case*, 430 Pa. 298, 244 A.2d 662 (1968).

Therefore, this case is properly in criminal court, based on the original transfer from juvenile court. The criminal court had jurisdiction to accept appellant's guilty plea.

The judgment of the lower court is affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.