419 A.2d 775

**COMMONWEALTH of Pennsylvania,**

**v.**

**Gerald ASHLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Filed May 13, 1980.

288

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.*

* Judge DONALD E. WIEAND sitting by special designation.

CERCONE, President Judge:

This is an appeal from the order of the court below dismissing appellant's petition under the Post Conviction Hearing Act[1] without holding a hearing. For the reasons set forth herein, we affirm.

The record discloses that in November of 1975 the Pennsylvania State Police were conducting surveillance on a Harrisburg residence pursuant to reports that drugs from Philadelphia were coming to that house. While so engaged Trooper James Drenning learned that a vehicle parked in front of the house had been reported stolen out of Philadelphia. When a man (later identified as appellant) and a woman came out of the house and entered the car and began to drive away, Trooper Drenning and his partner stopped the vehicle and placed appellant under arrest. A search incident to that arrest revealed that appellant had a quantity of heroin in his pocket. Appellant was then charged with possession with intent to deliver a controlled substance. Following a non–jury trial, appellant was found guilty as charged. Subsequent to the denial of his post–verdict motions, appellant was sentenced on July 5, 1977, to imprisonment for a term of one to ten years. Appellant filed an appeal to this court but subsequently withdrew it.

On November 7, 1977, appellant filed a *pro se* petition for relief under the PCHA. Private counsel[2] was then appointed to represent appellant and two supplemental petitions were thereafter filed. The petitions were denied without conducting an evidentiary hearing and this appeal ensued.

Appellant first contends that his trial counsel was ineffective in failing to object to allegedly prejudicial statements which are alleged to have pertained to appellant's religious beliefs and his association with the Black Muslims. At the suppression hearing (the testimony from which was later

1. Act of January 25, 1966, P.L. 1580 (1965), 19 P.S. §§ 1180–1 *et seq.* (Supp.1979–80).

2. At trial, appellant was represented by an attorney from the Public Defender's Office.

incorporated into the trial), Trooper Drenning was asked the following on cross–examination:

"Q. Now, did you receive information regarding drugs coming to the house in reference to Gerald Ashley or in reference to the owner of the house?

A. The only information that I had, Counselor, was that drugs were coming from Philadelphia, Muslim drug traffic was coming from Philadelphia to that residence, I did not know who would be bringing it." (N.T. 7).

In addition, Trooper Drenning and appellant's trial counsel made two other references to the Muslims in the same context. (N.T. 7, 8).

In assessing the effectiveness of counsel, we are guided by the principle set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967):

"We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Emphasis in original). (Footnote omitted).

Accord: *Commonwealth v. Martin*, 479 Pa. 63, 387 A.2d 835 (1978); *Commonwealth v. Little*, 468 Pa. 13, 359 A.2d 788 (1976). A corollary of this principle is that before there is an inquiry into the basis for counsel's particular course of action, it must first be determined whether the claim which counsel is charged with neglecting is of arguable merit. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Gaston*, 474 Pa. 218, 378 A.2d 297 (1977); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

In other words, counsel can hardly be deemed ineffective for failing to raise frivolous issues or make fruitless objections. *Commonwealth v. Wilson*, 482 Pa. 350, 393 A.2d 1141 (1978); *Commonwealth v. Hubbard*, supra; *Commonwealth v. Rice*, 456 Pa. 90, 318 A.2d 705 (1974).

Instantly, we are of the opinion that any objection counsel could have made to alleged prejudicial statements regarding appellant's religious beliefs would have been fruitless for the simple reason that the record does not reflect any such statements having been made. Appellant was never identified as a Black Muslim, nor were any statements admitted pertaining to his religious beliefs. Cf. *Commonwealth v. Mimms*, 477 Pa. 553, 385 A.2d 334 (1978). Rather, it was merely established that on one occasion appellant was observed leaving a house which the police believed to be the receiving point of a Muslim drug operation. In our view, these isolated statements concerning the Muslims in relation to the circumstances giving rise to appellant's arrest cannot be considered the equivalent of a statement that appellant was a Black Muslim or was associated with that group. Given the fact that this case was tried non–jury and that the isolated references to Black Muslims were neither inherently prejudicial nor vital to the case, we are confident that they had no effect on the outcome of appellant's trial. See *Commonwealth v. Conti*, 236 Pa.Super. 488, 345 A.2d 238 (1975).

Lastly, it is asserted that trial counsel was ineffective for not presenting any defense evidence on behalf of appellant including counsel's failure to call as a witness the woman who was in appellant's company when he was arrested. This contention is meritless on two grounds.

First, and foremost, we do not believe this issue has been properly preserved for review. As previously noted, appellant filed a *pro se* PCHA petition followed by two counselled, supplemental petitions. While both the original

petition and the final supplemental petition call into issue trial counsel's effectiveness regarding the reference to Black Muslims, both of these petitions are silent as to any question pertaining to the presentation of defense evidence or witnesses. It is only appellant's first supplemental petition that makes the unadorned assertion that "[c]ounsel for petitioner failed to call as a defense witness a woman who was present during the search made of petitioner by the arresting officers." We hold that this allegation was not preserved for review by virtue of the fact that it was not raised in the *final* supplemental petition filed on appellant's behalf.[3] Were we to hold otherwise, the hearing court would be required to scrutinize a potentially unlimited number of amended or supplemental petitions in an effort to discern exactly what alleged errors are being advanced in support of the requested relief. We do not hold that the hearing court is not required to examine the original PCHA petition. See *Commonwealth v. Sherard*, supra. Rather, we simply conclude that in the interests of judicial economy all of the alleged errors offered in support of the requested relief must be contained in either the original PCHA petition or the *final* supplemental or amended petition thereto.

 In any event, even were we to consider this issue on the merits, it is obvious that it does not warrant relief. As noted above, the petition merely alleges that counsel failed to call as a defense witness a woman who was with appellant when he was arrested. The petition, however, not only fails to indicate that the witness was available to testify, it

3. It is noteworthy that the concluding paragraph of appellant's final supplemental petition states in pertinent part: "Because of the foregoing reasons and the reasons listed in the original Post Conviction Hearing Act Petition, the relief prayed for is . . ." We deem this statement significant because it explicitly requests the lower court to consider the reasons asserted in the original petition and the instant supplemental one, yet makes no request that the court likewise entertain the issues alleged in the first supplemental petition. Parenthetically, we note that the opinion of the lower court gives no indication that it had been requested to consider this second assignment of alleged ineffectiveness.

even neglects to mention what the nature of her testimony would be. Section 1180–9 of the PCHA states in relevant part:

"If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner."

Instantly, it is apparent that appellant's bare assertion that his counsel failed to call as a witness a woman who was present at the arrest does not constitute sufficient facts to warrant any relief.

In summary then, appellant has not alleged any facts which if proved would entitle him to post conviction relief. 19 P.S. § 1180–9. Moreover, for the reasons previously stated, we find that the contention that counsel was ineffective in failing to object to the statements regarding Black Muslims was patently frivolous. Accordingly, the lower court did not err in denying appellant's petitions without a hearing. See *Commonwealth v. Bennett*, 472 Pa. 314, 372 A.2d 713 (1977); *Commonwealth v. Laboy*, 460 Pa. 466, 333 A.2d 868 (1975).

Order affirmed.

HOFFMAN, J., files a concurring statement.

HOFFMAN, Judge, concurring:

I do not join in that portion of the majority opinion changing the existing rule for preservation of PCHA claims. I find no support in either the PCHA itself or prior case law for the proposition that issues not raised in the first and the final PCHA petitions are waived. I concur, however, because I agree with the majority's alternative holding that the allegedly waived claims were without merit.