420 A.2d 710

**COMMONWEALTH of Pennsylvania**

v.

**Albert G. VIALL, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed June 13, 1980.

614

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and EAGEN, JJ.*

PER CURIAM:

After a bench trial in Philadelphia, Albert G. Viall was found guilty of burglary and attempted theft by unlawful taking. After post–verdict motions were denied, a prison sentence of 5 to 15 years was imposed. Later a petition to reconsider the sentence was granted, and the term of imprisonment was reduced to 3½ to 8 years. This appeal from the judgment of sentence followed.

First, Viall contends the evidence was insufficient to establish his guilt "of burglary" since it established only his presence near the scene and his flight.

The test for sufficiency is whether, accepting as true all the evidence and all reasonable inferences therefrom upon which the verdict could have been based, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. *Commonwealth v. Ross*, 248 Pa.Super. 312, 313, 375 A.2d 113 (1977).

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania is sitting by designation.

The Commonwealth's evidence at trial established the following: A police officer was dispatched by radio to Emil's Delicatessen at approximately 11:40 p. m. on July 26, 1978 to investigate a "burglary in progress."[1] After arriving at the scene, he discovered the delicatessen had been ransacked, drawers and cabinets were opened and the two rooms were in general disarray. While within the building, the officer heard footsteps on the roof. He ran outside and positioned himself at the side of the building where he observed a person on the roof of the building. The person moved to the edge of the roof and started to lower himself over the edge. The officer, then not thirty feet away from the person, shone his flashlight directly into his face. He recognized the person as Albert Viall with whom he was personally acquainted. The officer called for him to keep coming down, but Viall climbed back up onto the roof and fled in the opposite direction. The officer ran around the building in an attempt to relocate Viall. He then heard metal banging in an alleyway and saw Viall tugging at a steel gate in an attempt to gain exit. Viall was placed under arrest. The owner left at 5 p. m. at which time everything was in order, and the manager of the delicatessen and another employee left and locked up the premises at 8:30 p. m. After the police arrived, a hole, sufficiently large for a man to crawl through, was discovered in the ceiling.

This evidence is strikingly similar to that which was held sufficient in *Commonwealth v. Cimaszewski*, 447 Pa. 141, 288 A.2d 805 (1972). In that case, the evidence established that a report of a burglary in progress was received; that police officers responded immediately; that, upon arriving, they heard noises coming from within the building and found the front door was loosened and a window jimmied; that the police saw two men flee from the rear of the building and

---

1. Although he did not testify at trial, the source of this information was the manager of Emil's Delicatessen who testified at the preliminary hearing that he closed and locked the store before 9 p. m. and was returning to the delicatessen at 11:30 p. m. to clean up when he saw a figure crawling across the unlit floor. He then called the police and reported what he had seen.

captured one when he emerged from an alley onto the street and the other shortly thereafter when he was observed on the roof of a nearby shed. Our Supreme Court, while upholding the conviction of Cimaszewski, the one observed on the shed, stated:

> "The trier of fact could reasonably conclude from this sequence of events that appellant had indeed been in the building and had been one of the two men seen running from it, and had then attempted escape by noisily climbing over fences separating the adjoining properties, only to be detected when in a position of visibility atop the shed roof."

*Commonwealth v. Cimaszewski*, supra, 447 Pa. at 145, 288 A.2d at 807.

Since it is well-settled that guilt may be established by circumstantial evidence alone, *Commonwealth v. Dawson*, 464 Pa. 254, 346 A.2d 545 (1975), we are satisfied that the evidence instantly was sufficient to permit the trier of fact to conclude that Viall was guilty of burglary beyond a reasonable doubt.[2]

Even if the evidence was sufficient, Viall argues he is entitled to a new trial because of trial counsel's ineffectiveness in not objecting to the police officer's testimony which established the time of the burglary.

We cannot here determine the merits of the claim. Viall is now represented by counsel different than at trial; however, both appellate counsel and trial counsel are mem-

---

2. Viall says that, due to the ineffectiveness of trial counsel, the police officer was allowed to testify that he was responding to a radio dispatch which indicated a burglary was in progress. Consequently the time of the commission of the crime was established as just prior to Viall's arrest. Viall asserts that, without this testimony, the evidence is insufficient because the crimes could have occurred any time between 5:30 p. m. and 11:30 p. m. This is so, reasons Viall, because the manager did not testify, as he did at the preliminary hearing, see n. 1, to having seen a figure crawling on the floor at 11:30 p. m. and to the hole not being in the roof at 8:30 p. m. when he left the store. However, in passing on the sufficiency of the evidence, the trial record must be considered in its entirety, even if improper evidence is included therein. Cf. *Commonwealth v. Kuebler*, 484 Pa. 358, 399 A.2d 116 (1979).

bers of the Defender Association of Philadelphia. Our Supreme Court has held that it is unrealistic to expect trial counsel to argue his own ineffectiveness and that the same applies to counsel from the same office as counsel who is alleged to be ineffective. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). While we may grant relief because of ineffective assistance of trial counsel when advocated by the same attorney who served as trial counsel or by counsel from the same office as trial counsel if reversible error is apparent on the record before us, such error is not here apparent and we may not reject such a claim without a remand for appointment of new counsel. *Commonwealth v. Fox*, 476 Pa. 475, 478–479, 383 A.2d 199, 200–201 (1978). Therefore, we remand the record to the trial court for appointment of new counsel, not associated with the Defender Association of Philadelphia, to represent Viall for the presentation of his ineffectiveness claim to that court. Following the appropriate proceedings, either party, if aggrieved, may file an appeal.

It is so ordered.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

I would affirm the judgment of sentence. There is no basis for remand, appointment of new counsel and further lower court proceedings. In this connection I would adopt a portion of Commonwealth's brief, page 2–3:

"Defendant's first claim is that trial counsel was ineffective for not objecting to alleged hearsay testimony of Officer Panasevicz that he went to Emil's Delicatessen at the time in question because he "responded to a radio message, burglary in progress" at that location (N.T. 9). This claim is raised for the first time by new counsel in this direct appeal. Therefore, as there has been no hearing on this claim, trial counsel has had no opportunity to explain his action in this regard. Nonetheless, it is apparent that to have objected to this testimony would have been an empty formality. Had the officer testified only

that he went to the location specified as a result of a radio call, the judge, as trier of fact, would have been entitled to infer that the call reported a crime being committed. Counsel might also have assumed that Ralph Green, the night manager of Emil's Delicatessen, who had testified at the preliminary hearing that he was the source of the radio call information that Officer Panasevicz received (N.T.P.H. 5), would reiterate this testimony at trial. In any event, to grant defendant a new trial because his trial counsel failed to object to evidence of the obvious would be ridiculous."

See *Comm. v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977) 472 Pa. at 277, 278, 372 A.2d at 695–96 where it is said:
"In resolving this contention we are guided by the standard set forth in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

(C)ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests.

The initial factor which must be considered in applying this reasonable basis standard is whether the claim which post–trial counsel is charged with not pursuing had some reasonable basis. In *Maroney* we noted that 'a finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized.' *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. at 605 n. 8, 235 A.2d at 353. Because counsel does not forego an alternative which offers a substantially greater potential for success when he fails to assert a baseless claim, counsel cannot be found to have been ineffective for failing to make such an assertion."

See also *Commonwealth v. Ashley*, 277 Pa.Super. 287, 419 A.2d 775 (1980) where we said: "A corollary of this principle is that before there is an inquiry into the basis for counsel's particular course of action, it must first be determined whether the claim which counsel is charged with neglecting

is of arguable merit. *Commonwealth v. Sherard*, 483 Pa. 183 [394 A.2d 971] (1978); *Commonwealth v. Gaston*, 474 Pa. 218 [378 A.2d 297] (1977); *Commonwealth v. Hubbard*, 472 Pa. 259 [372 A.2d 687] (1977). In other words, counsel can hardly be deemed ineffective for failing to raise frivolous issues or make fruitless objections. *Commonwealth v. Wilson*, 482 Pa. 350 [393 A.2d 1141] (1978); *Commonwealth v. Hubbard*, supra; *Commonwealth v. Rice*, 456 Pa. 90 [318 A.2d 705] (1974)."

In summary, the failure to object to the alleged hearsay testimony was not error on the part of trial counsel as the testimony added virtually nothing to the case. To remand under these circumstances is to further waste judicial time and energy. I would affirm the judgment of sentence.