421 A.2d 733

**COMMONWEALTH of Pennsylvania**

v.

**Jonathan GLENN, a/k/a Kevin Glenn, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Sept. 23, 1980.

Natale F. Carabello, Jr., Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

Jonathan Glenn, appellant, was convicted of robbery[1] following a nonjury trial in the Court of Common Pleas of Philadelphia. Judgment of sentence of two and one–half to five years imprisonment was imposed. This appeal followed.

---

\* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. Glenn was also tried for conspiracy, but the court granted a demurrer to that charge.

Glenn advances four assignments of error. First, he argues he was arrested without probable cause and, as a result, an identification of him was tainted. Second, he argues the identification procedure utilized by the police was unduly suggestive. Third, in an apparently related argument, he argues the Commonwealth failed to meet its burden of establishing the admissibility of identification testimony. Fourth, he argues the evidence is insufficient to support the verdict.[2]

■ Since only the fourth issue was included in written post–verdict motions, we need only address that issue as the first three are waived. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975); Pa.R.Crim.P. 1123.

18 Pa.C.S.A. § 3701, in pertinent part, defines robbery:

"(a) Offense defined.–

(1) A person is guilty of robbery if, in the course of committing a theft, he:

\* \* \* \* \* \*

(v) physically takes or removes property from the person of another by force however slight."

In deciding the sufficiency of the evidence to establish robbery as defined, "we must first accept as true all the evidence upon which the trier of fact could properly have based the verdict, and then ask whether that evidence, with all reasonable inferences from it, was sufficient to prove guilty beyond a reasonable doubt." *Commonwealth v. Diamond*, 268 Pa.Super. 326, 328, 408 A.2d 488, 489 (1979).

So viewed, the evidence establishes the following:

■ On July 12, 1977, Bart Zeaman, the manager of a bakery, went to a bank at 18th and Walnut Streets, Philadelphia, at approximately 6:45 p. m. to make a night deposit of the day's receipts. Zeaman had a brown bag containing tomatoes in his left hand and a bank deposit bag inside his

2. Glenn's brief sets forth the fourth issue as: "The verdict was contrary to the evidence, the weight of the evidence, and contrary to law." But the substance of Glenn's argument frames the issue as sufficiency of the evidence.

jacket under his left arm. As Zeaman placed the deposit bag in the depository, Glenn ran up to Zeaman and attempted to obtain possession of the brown bag which Glenn apparently believed contained the money. A brief struggle over the bag resulted in its being torn and the tomatoes spilled on the ground. Glenn lunged forward to retrieve the bag's contents when it ripped, but then jumped back when he realized it was not the day's receipts.

Clearly, this evidence establishes a physical taking of property from Zeaman by force in the course of committing a theft.

Judgment of sentence affirmed.