460 A.2d 1111

**COMMONWEALTH of Pennsylvania**

v.

**Gregory BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1982.

Filed April 22, 1983.

Reargument Denied July 5, 1983.

Petition for Allowance of Appeal Granted Oct. 12, 1983.

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

BECK, Judge:

Gregory Brown, who was convicted of robbery in the Court of Common Pleas, Philadelphia County, in November 1979, and sentenced to one and one half to five years in the state correctional institution, charges that he was erroneously certified as an adult, and that he was convicted upon insufficient evidence. For the reasons that follow, we affirm his conviction.

When appellant Brown was arrested for the crime in question on December 1, 1978, he was sixteen years old, and he was charged as a juvenile. The Commonwealth filed notice to certify him as an adult and a full evidentiary

hearing was held on the question of certification. At the hearing it was established that Brown had a criminal record going back to 1973, including nine juvenile arrests and six convictions for burglary and arson. In the most recent conviction, in 1977, Brown had been certified as an adult on a charge of involuntary manslaughter, and sentenced to one to five years at Camp Hill, an adult correctional institution for young offenders (normally those under the age of twenty-five). Brown's arrest for the instant crime, a felony if committed by an adult, occurred while he was on parole for the 1977 conviction.

■ This case presents an issue of first impression.[1] Must a juvenile be recertified as an adult where he allegedly committed an offense while he was on parole after being tried and convicted for a prior offense as an adult? We hold that under 42 Pa.C.S. § 6355(a)[2], when a parolee from

1. In *Commonwealth v. Pitt*, 254 Pa.Super. 159, 385 A.2d 574 (1978) the Court addressed the novel question of whether the same case could be recertified to juvenile court after it had been transferred from that court, and decided that once a certification was made with due process, the case could not be transferred back to juvenile court.

2. 42 Pa.C.S. § 6355. Transfer to criminal proceedings (a) General rule—After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances, of this Commonwealth, the court before hearing the petition on its merits may rule that this chapter is not applicable and that the offense should be prosecuted, and transfer the offense, where appropriate, to the division or a judge of the court assigned to conduct criminal proceedings, for prosecution of the offense if all of the following exist:
   (1) The child was 14 or more years of age at the time of the alleged conduct.
   (2) A hearing on whether the transfer should be made is held in conformity with this chapter.
   (3) Notice in writing of the time, place, and purpose of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing.
   (4) The court finds:
   (i) that there is a prima facie case that the child committed the delinquent act alleged;
   (ii) that the delinquent act would be considered a felony if committed by an adult; and
   (iii) that there are reasonable grounds to believe all of the following:

an adult correctional institution faces criminal charges, he must be recertified as an adult before these charges can be heard in the adult system. Nothing in 42 Pa.C.S. § 6355 or any other statute permits the state to transfer the matter to the adult system without a fresh certification hearing.

At the certification hearing held in the instant case, the court noted that as a matter of record Brown was under the jurisdiction of the State Parole Board for the *arrest* of robbery, which constituted a parole violation, and Brown agreed that this was so (N.T. Certification Hearing, p. 7). The question was whether the *trial* for robbery required a full certification on the facts. At the comprehensive hearing, conducted under the able and thoughtful direction of Judge Doris M. Harris, the court concluded,

> "as a matter of law, the juvenile having been incarcerated in the adult program and now under the jurisdiction of the State Parole Board is not amenable to treatment, supervision, or rehabilitation as a juvenile through available juvenile facilities.
>
> The Court believes that this arrest constitutes a violation of parole, and the violation of that parole must be decided by the adult system, *as well as the guilt or innocence of the charge, likewise, must be decided by that system* " (N.T.Cert.Hear. p. 22) (emphasis added).

(A) That the child is not amenable to treatment, supervision or rehabilitation as a juvenile through available facilities, even though there may not have been a prior adjudication of delinquency. In determining this the court shall consider the following factors: Age. Mental Capacity. Maturity. The degree of criminal sophistication exhibited by the child. Previous records, if any. The nature and extent of any prior delinquent history, including the success or failure of any previous attempts by the Juvenile Court to rehabilitate the child. Whether the child can be rehabilitated prior to the expiration of the Juvenile Court jurisdiction. Probation or institutional reports, if any. The nature and circumstances of the acts for which the transfer is sought. Any other relevant factors.

(B) That the child is not committable to an institution for the mentally retarded or mentally ill.

(C) That the interests of the community require that the child be placed under legal restraint or discipline or that the offense is one which would carry a sentence of more than three years if committed as an adult.

The case at bar presents a difficult dilemma. The robbery represents both a violation of parole and a fresh offense. The offense, however, is primarily a new charge, for which Brown must stand trial, and only secondarily a parole offense. Brown correctly argues that the Juvenile Act of this Commonwealth specifically states that a transfer order removes the child from the jurisdiction of the juvenile system only with respect to the acts alleged in the petition:

42 Pa.C.S. § 6355(b)

(b) *Chapter inapplicable following transfer.*—The transfer terminates the applicability of this chapter over the child with respect to the delinquent acts alleged in the petition.

The language of the statute is clear that recertification is necessary for any subsequent charge, and therefore the lower court misinterpreted the statute when it found, as a matter of law, that the parole violator must be brought to trial in the adult system.

The statute requires a new certification hearing, and Brown supports his conclusion by pointing to other jurisdictions which have held that prior certification is not determinative of whether a subsequent offense be tried in juvenile or adult court. In *State v. Dinkins*, 627 P.2d 523 (Utah, 1981) the question for the court was whether the district court or juvenile court had jurisdiction over a juvenile who was charged with a felony after he had been certified on a prior criminal charge. The suspect had been bound over to the district court on the ground that the previous certification applied to the subsequent offense. The Supreme Court of Utah held that recertification as an adult was not automatic, but required another hearing. Under similar circumstances, courts in Alaska,[3] Wisconsin,[4] Florida,[5] and Ken-

3. *P.H. v. State,* 504 P.2d 837 (Alaska 1972).

4. *Gibson v. State,* 47 Wis.2d 810, 177 N.W.2d 912 (1970); *Miller v. Quatsoe,* 348 F.Supp. 764 (E.D.Wis.1972).

5. *E.H.N. v. Willis,* 350 So.2d 829 (Fla.App.1977).

tucky [6] have held that there can be no waiver of juvenile status, nor permanent termination of amenability to juvenile process, by one certification.

The Commonwealth argues that the recertification requirement presents "the futile and absurd situation where [Brown] . . . would be subject to rehabilitation as a juvenile while at the same time he could be sentenced to prison as an adult offender" (Appellee's brief, p. 8). While we agree with the Commonwealth we believe that common sense teaches that recertification as an adult will almost always occur in facts similar to the instant case. Nevertheless, we hold that a new certification hearing to consider whether the parolee should be certified to the adult side of the court is a statutory requirement that must be met.

While we are convinced that holding Brown certified as an adult as a matter of law was error, we hold that it was harmless error. At the certification hearing Judge Harris incorporated by reference the reports of a psychiatrist and psychologist and found that in light of the substance of these reports, and Brown's previous criminal record, there were reasonable grounds to believe that he was not amenable to treatment or supervision in the juvenile system. The statutory requirements of notice, establishment of a prima facie case, and the consideration of the factors listed in 6355(a)(4)(iii)(A) were met. (N.T. Certification Hearing, pp. 20–22).

The law requires that a juvenile court make a statement of its reasons for certification, and Judge Harris did so, in a form sufficient for appellate review. Our Court held in *Commonwealth v. Stokes*, 279 Pa.Super. 361, 421 A.2d 240 (1980):

In reviewing the actions of the certification court, we are mindful that it need not make a statement of conventional findings of fact in order to comply with the statute. *Commonwealth v. Harrod*, 260 Pa.Super. 312, 394 A.2d 567 (1978). However, the court must make a statement

6. *Benge v. Commonwealth*, 346 S.W.2d 311 (Ky.1961).

of its reasons for certification, and this statement "should be sufficient to demonstrate that ... the question [of certification] has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review." *Kent v. United States*, 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966). (*Stokes*, 279 Pa.Superior 367, 421 A.2d at 243).

We find compliance with these requirements, and therefore hold that Brown was properly recertified under the Juvenile Act. In any certification hearing under circumstances similar to Brown's, the fact of parole violation from an adult correctional institution will be given weight by the certification court, as it was in the instant case. As a full certification hearing was held and conducted well, we decline to reverse the court's finding of lack of amenability to juvenile process.

■ The second issue raised in this appeal is whether Brown was convicted of robbery without the statutory requisite of a showing of force.[7] Appellant charges that the Commonwealth failed to present any evidence that force, however slight, was used when he took possession of the victim's purse, placed the cash in his own pocket, and then threw the purse away. The victim, Tomasa Rivera, testifying through an interpreter, told the court at the certification hearing:

THE INTERPRETER: She says that he came in back of her, punched her in her back, took the pocketbook and began to run. (N.T. Cert. p. 9).

■ The Commonwealth's evidence at trial established that Brown ran up to Rivera, snatched her purse, and that she screamed at the moment of the robbery. Rivera identified Brown as the perpetrator when he was apprehended a few minutes later, and again in open court. The law is

7. 18 Pa.C.S.A. § 3701(a)(1)(v)

(a) A person is guilty of robbery if, in the course of committing a theft he ... (v) physically takes or removes property from the person of another *by force however slight.* (emphasis added).

clear that conduct can be a sufficient show of force when a bag or wallet is taken from a victim's person, even without touching the victim. *Commonwealth v. Glenn,* 280 Pa.Super. 300, 421 A.2d 733 (1980); *Commonwealth v. Ostolaza,* 267 Pa.Super. 451, 406 A.2d 1128 (1979).

In *Commonwealth v. Viall,* 278 Pa.Super. 613, 420 A.2d 710 (1980) our Court used evidence adduced at a preliminary hearing to amplify the picture presented at trial in addressing a sufficiency of evidence claim. The fact that the evidence of Rivera, a non-English speaking witness whose words were rendered through an interpreter, did not include the statement make earlier at the certification hearing: "She says that he came in back of her, punched her in her back, took the pocketbook and began to run" does not undermine the sufficiency of the Commonwealth's evidence.

Judgment of sentence is affirmed.