450 A.2d 1008

**COMMONWEALTH of Pennsylvania**

v.

**Joseph McFARLAND, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1982.

Filed Sept. 3, 1982.

Alexander Zdrok, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

472

Before SPAETH, BROSKY and BECK, JJ.

SPAETH, Judge:

This appeal is from judgment of sentence for involuntary deviate sexual intercourse, simple and aggravated assault, and indecent assault. Appellant was found guilty by a judge sitting without a jury. His counsel filed a post-verdict motion assigning no error but "reserv[ing] the right to make allegations in support of post-verdict relief after reviewing the trial transcript." When the post-verdict motion was listed for argument, counsel told the court that he had reviewed the trial transcript and could make no allegations in support of any post-verdict relief. The court thereupon denied the post-verdict motion and imposed sentence. This appeal was filed, and new counsel was appointed. Appellate counsel argues that for various reasons, trial counsel was ineffective. With respect to some of these reasons, we can tell from the record that counsel's arguments are without merit. With respect to others, however, we cannot make that determination. We therefore remand for a hearing on trial counsel's effectiveness.

The Commonwealth's evidence may be summarized as follows. At about 10:30 p. m. on June 26, 1980, appellant and his victim left The Holmesberg Tavern in Philadelphia to go to the victim's apartment, several doors away, where the victim said she had some marijuana. Upon arriving at the apartment, appellant followed the victim inside and they smoked a marijuana cigarette. When they had finished the cigarette, the victim said she wanted to leave. Appellant refused to leave the apartment unless the victim kissed him. After two light kisses, appellant announced, "We're not going nowhere. You're either going to blow me or lay me." He then hit the victim, pushed her down on the couch, tied a leather shoelace around her neck, creating a choke collar, and forced her to perform fellatio. Suddenly appellant passed out, and the victim escaped. Outside her apartment she met two neighbors, Steve and Fred Dollery, who removed the shoelace from her neck. After calming down somewhat, she returned to the tavern and told the bartender

what had happened. He eventually convinced her to report the incident to the police, who took her to a hospital and photographed the bruises and abrasions on her neck from the shoelace. Afterwards, she stayed for several days at a friend's house.

Appellant's trial counsel cross-examined the victim and the bartender, although he asked no question of the victim's friend. He did not call appellant or any other witness in appellant's defense.

The standard for determining whether counsel has been ineffective is well established. As the Supreme Court explained in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967):

> Our task in cases of this nature . . . encompasses both an independent review of the record and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives. Perhaps *Brubaker v. Dickson,* 310 F.2d 30, 38 (9th Cir. 1962), *cert. denied,* 372 U.S. 978, 83 S.Ct. 1110 [10 L.Ed.2d 143] (1963), best describes this necessary process: "Facts are alleged from which it would appear that these potential defenses would have suggested themselves to a reasonably diligent trial counsel. The defense actually tendered was so insubstantial in relation to those not offered as to cast doubt upon the hypothesis that trial counsel made a deliberate informed choice." We cannot emphasize strongly enough, however, that an inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests.

*Id.,* 427 Pa. at 604, 235 A.2d 352 (footnote omitted; emphasis in original).

 Here, with respect to several of appellant's complaints we are able to conclude that the particular course chosen by trial counsel was reasonable. Specifically: Appellant argues that trial counsel was ineffective for failing to move for post-verdict relief. Appellant fails to indicate,

however, what trial errors counsel should have preserved. Similarly, appellant argues that trial counsel was ineffective for failing to use prior testimony to impeach the victim. But while he asserts that there were numerous inconsistencies between the victim's testimony at trial and her testimony at the preliminary hearing, he provides not a single example in support of this argument. Appellant also argues that trial counsel was ineffective for failing to challenge the evidence as insufficient to support the verdict. This argument is frivolous. Finally, appellant argues that trial counsel was ineffective for failing to raise an issue regarding the scope of cross-examination. This argument is also frivolous. The question to which the lower court sustained an objection was argumentative, and the point at issue had already been thoroughly explored. Counsel will not be found ineffective for failing to make arguments that have no merit. *See, Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

However, we are not able thus to dispose of appellant's remaining two arguments. These arguments involve the fact that trial counsel called no witnesses.

■ Appellant alleges in his brief that "[t]rial counsel denied the appellant an opportunity to present consent as a defense," Brief for Appellant at 4, and that "he was not advised of the risks of testifying [*sic;* "not testifying"?], nor counseled as to this critical decision. Appellant vehemently opposed the decision of counsel not to go forward. Defense counsel failed to consult appellant throughout the proceeding." *Id.* at 5.

We admit to considerable skepticism regarding the credibility of testimony by appellant that the victim consented. The Commonwealth introduced photographs showing bruises and abrasions on the victim's neck, and both the bartender and the woman with whom the victim stayed after the incident testified to the victim's distress. Nevertheless, every person accused of crime has the right to testify in his own defense, and to be effective, his counsel must advise him regarding the exercise of that right. *See, Commonwealth v. Blair,* 491 Pa. 499, 421 A.2d 656 (1980); *Commonwealth v. Thomas,* 279 Pa.Superior Ct. 413, 421 A.2d 267

(1980); ABA Standards Relating to the Administration of Criminal Justice, Standards Relating to the Defense Function § 4–5.2(a) (Approved Draft 1979). We do not suggest that we accept appellant's allegations that trial counsel did not so advise him. But since the record does not show that counsel did, we must remand for a hearing on the point. (Good practice, when a defendant is not called, is to have the record show that the defendant understands that he has the right to testify but has decided not to. That wasn't done here. In making this observation, we recognize that it may be easier to make such a record when the trial judge is sitting with a jury than when he is sitting without a jury, as he was here.)

Appellant also alleges in his brief that trial counsel was ineffective for failing to subpoena and call Steve and Fred Dollery as witnesses. It will be recalled that the victim testified that when she ran out of her apartment, she met Steve and Fred Dollery and they removed the shoelace from her neck. Appellant alleges in his brief that he "advised trial counsel that in fact there never was a shoelace involved," Brief for Appellant at 8; that he met with the Dollery brothers "the night after the incident is alleged to have occurred, and so advised his counsel," *id.;* and that "[a]t this meeting both brothers told appellant that there was no shoelace or string around the prosecutrix's neck . . . .," *id.*

■ The Commonwealth argues that given the photograph of the victim's neck, testimony by the Dollery brothers that they saw no shoelace or string would have "concerned only a collateral matter." Brief for Commonwealth at 7. While we agree that the testimony might have had very little weight, we do not believe it could have been properly excluded as collateral, for the victim's testimony that appellant choked her with a shoelace was relevant to proof of force. Testimony that there was no shoelace when the victim said there was would be relevant to a defense that appellant used no force.

The Commonwealth also argues, more persuasively, that appellant "has failed to show any prejudice from counsel's

alleged omission [in calling the Dollery brothers]" because "he does not assert that they were available to testify at trial." Brief for Commonwealth at 6. (We may add, neither does appellant assert when he told trial counsel about what he says the Dollery brothers had told him.) *Cf. Commonwealth v. Ashley,* 277 Pa. Superior Ct. 287, 419 A.2d 775 (1980) (allegation of ineffectiveness insufficient where no allegation that witness was available or what her testimony would have been). Since, however, the matter must in any event be remanded on the issue of whether trial counsel advised appellant regarding the exercise of his right to testify, we believe the lower court should also determine the truth of appellant's allegations about the Dollery brothers, and why counsel decided—if he knew about them—not to call them as witnesses. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975) (where only issue is credibility, failure to call known witnesses may be ineffective assistance).

The judgment of sentence is vacated and the case is remanded for a hearing consistent with this opinion. If the lower court determines that trial counsel was effective, it shall reinstate the sentence. If the court determines that counsel was ineffective, it shall grant appellant a new trial. We do not retain jurisdiction.