489 A.2d 889

COMMONWEALTH of Pennsylvania

v.

Vernon J. HILL, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 17, 1984.

Filed March 8, 1985.

158

Ernest J. DiSantis, Jr., Assistant District Attorney, Erie, for Commonwealth, appellee.

Before ROWLEY, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

In this case, appellant was convicted of theft, false reports to law enforcement authorities and criminal conspiracy; in this appeal, he seeks either discharge or a new trial. The circumstances from which the charges stem are as follows:

On December 8, 1981, defendant Hill and Selwyn Spearin were truck drivers returning to their employer from a delivery in the South. They held $12,000 in cash, payment for goods delivered. At a truck stop near Erie, they left their truck and bought coffee; Spearin left the shop before Hill and returned to the truck. He claims he saw a person climbing out of the truck with the truck radio under his arm, and, when he tried to stop the thief, was shot. When he was walking toward the shop for help, Hill saw him and helped him. Police were called; a few days after calling in tracking dogs, interviewing potential suspects and performing tests, they arrested Spearin and Hill, charging them with the crimes of which they were convicted. The $12,000 was not recovered.

The co-defendants, who were tried together, appealed separately. Here, appellant Hill makes a number of arguments, many of which focus on the alleged ineffective assistance of trial counsel.[1]

---

**1.** Appellant's arguments are as follows:

 1. Trial counsel was ineffective for failing to object to the prosecutor's summation, which exceeded the bounds of permissible argument and denied defendant a fair trial.

 2. Trial counsel was ineffective for failing to request defendant's trial be severed from that of co-defendant Spearin, and for failing to take other related measures.

 3. The court's ruling, prohibiting trial counsel from arguing the testimony of defendant's sole witness, and its subsequent order, and jury instructions striking said testimony, deprived defendant of his constitutional rights to due process and to present a defense. Fur-

■ Our standard for review of ineffective assistance of counsel claims has changed recently; our prior practice had been to remand for a hearing on ineffectiveness whenever such a claim was made on appeal, if no hearing had been held by the trial court. The Supreme Court, however, condemned that practice in *Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984), and set forth a new procedure; the appellate court is to evaluate the ineffectiveness claims and decide whether they have merit. If they have no merit, no evidentiary hearing is necessary. *Id.*, 505 Pa. at 360, 479 A.2d at 957. Accordingly, we must decide whether appellant's claims have merit.

### The prosecutor's summation.

■ The statements made by the Commonwealth's attorney, appellant alleges, were couched in terms of personal opinions and included misstatements of material evidence.[2] On comparing the contested remarks to those made in *Commonwealth v. Joyner*, 469 Pa. 333, 365 A.2d 1233 (1976), we find the prosecutor did not exceed the bounds of

ther, trial counsel was ineffective for failing to preserve a proper objection.

4. Trial counsel was ineffective for failing to call the defendant's wife and Mr. Alexander Padowski, Jr., as defense witnesses, and for failing to let the defendant testify on his own behalf.

5. The evidence was insufficient to support the defendant's conviction on all charges.

6. Trial counsel was ineffective for failing to object to a duplicitous information and to a prejudicial variance between the information and proof at trial.

7. The Commonwealth's pre-trial suppression of exculpatory neutron activation analysis evidence deprived the defendant of his right to due process of law.

8. The trial court did not state sufficient reasons for its disparate sentences of the defendant and co-defendant, and trial counsel was ineffective for failing to file a motion to reconsider sentence.

Trial counsel did move for a new trial or arrest of judgment; the motions were denied. Trial counsel did not move to reconsider the sentence.

2. Typical of these statements:

I think you'll find something very interesting. I think you'll find that the shirt itself confirms the Commonwealth's theory Mr. Spearin shot himself, but I'm getting ahead of myself.

N.T. at 447.

allowable argument. Appellant's ineffectiveness claim being meritless, there is no need to remand for an evidentiary hearing.

### Severance.

Appellant next argues counsel was ineffective for failing to request a severance of his trial from that of his co-defendant, Selwyn Spearin. Appellant argues that he was prejudiced by the joint trial because the evidence against Spearin was "far greater and more damaging" than against him; his defense potentially conflicted with that of Spearin; Spearin's defense encouraged the jury to question appellant's credibility; and statements inadmissable against appellant in the absence of co-defendant Spearin were admitted, to the detriment of appellant.

We are guided by *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A.2d 820, *cert. denied* 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954):

> The trial Judge because of his position and for other obvious reasons has been given a discretion to determine whether a number of bills of indictment should be consolidated and tried together, and his exercise of discretion in such matters will not be reversed by an appellate Court unless there has been a manifest abuse of discretion or a joint trial is so unfair as to be clearly unjust and prejudicial to one or more of the defendants. Especially is a joint trial permissible, if not advisable, when the crimes charged grew out of the same acts and much of the same evidence is necessary or applicable to both defendants.

378 Pa. at 415, 106 A.2d at 822–23. *See also Commonwealth v. Tolassi,* 489 Pa. 41, 413 A.2d 1003 (1980).

█ It is patent that the same evidence was necessary to try both men. The crimes charged grew out of the same incident. Conspiracy was charged. The enumerated complaints do not rise to the level of prejudice envisioned by the Supreme Court in *Kloiber.* Since no prejudice resulted from a joint trial, counsel was not ineffective for failing to

move to sever. No hearing is necessary for this claim of ineffectiveness.

**■ The order and jury instructions on testimony stricken.**

Counsel can be found ineffective for failing to preserve a proper objection only if the objection would have had some merit. Here, the objection appellant argues should have been preserved was to the court's instruction to the jury to disregard the testimony of defendant's witness, and barring trial counsel from arguing the testimony in summation.

The witness, John Maracle, testified that he had lent the defendant money in the past. The evidence was offered as probative that $4,750 given by the defendant to his employer, who suffered the loss of the theft, was from a source other than the missing $12,000. The defendant never took the stand to testify that the money came from a loan. The court subsequently told the jury to disregard the testimony and ordered counsel to refrain from arguing it.

**■** In order to be admissible, evidence must be both competent and relevant. *Commonwealth v. Potts*, 314 Pa.Super. 256, 460 A.2d 1127 (1983). Relevant evidence "tends to increase or decrease the probability of a material fact" at issue. *Id.*, 314 Pa.Superior Ct. at 276, 460 A.2d at 1137. Here, testimony that the defendant had been lent money by the witness, without any other linking testimony, was irrelevant to the issue of whether the money given the employer after the theft was borrowed money or stolen money. The objection, had it been made, would have been overruled, and this Court would have affirmed on appeal. The trial court properly ordered the jury to not consider the testimony, and barred counsel from arguing it. Trial counsel was not ineffective for failing to object.

**Failure to call witnesses.**

Appellant argues his trial counsel was ineffective because he failed to call certain witnesses, and because he failed to put appellant on the witness stand. We must carefully

consider this argument in light of *Commonwealth v. McFarland*, 304 Pa.Super. 470, 450 A.2d 1008 (1982).

In *McFarland,* appellant argued that his trial counsel was ineffective because he had failed to put the defendant on the stand, although appellant had desired to testify. Counsel also had failed to subpoena and call as witnesses two men who had seen the victim of the crime shortly afterward and allegedly had told appellant that evidence, important to the Commonwealth's case, was not present, which contradicted the victim's version of events.[3]

■ Here, unlike the appellant in *McFarland,* appellant does not allege that he wanted to testify and that counsel went against his wishes by failing to place him on the stand. Indeed, the appellant had a conviction on his record that the Commonwealth could have used to impeach his credibility had he chosen to testify. We find no merit in this claim of ineffectiveness.

■ Our review of counsel's failure to call other witnesses must be based on what appellant argues those witnesses would have said had they testified. *Commonwealth v. Ashley,* 277 Pa.Super. 287, 419 A.2d 775 (1980). Failure to call known witnesses may be ineffective assistance, if the only issue is credibility. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). Here, the Commonwealth's case certainly rested on credibility. No physical evidence on the theft charge was ever found. The Commonwealth's case was based on testimony on appellant's discussions with his co-defendant on the amount of money entrusted to them, the nature of the wound and the fact that appellant delivered some money to his employer a few days after the robbery.

The prosecutor's scenario was that Mrs. Hill had removed the money and gun from the scene. Appellant's wife could have testified that she had not been given the money and

**3.** The victim had testified that she had had a shoelace around her neck when she escaped from the defendant, who was charged with rape, while the witnesses had asserted to appellant that no shoelace existed.

gun to hide and that she arrived at the scene after the employer. It would have been up to the jury whether to believe her, or believe the Commonwealth's version of events.

The Commonwealth also argued that appellant's payment of money to his employer a few days after the robbery was evidence that the robbery was faked, and introduced testimony from the employer on the payment. Appellant claims Alexander Padowski, Jr., could have testified for appellant that the money was secured by threats, and that he should have been called.[4] Such testimony, going to credibility, would have aided appellant had the jury believed it.

■ Since the failure-to-call-witnesses claim is meritorious, the case must be remanded and an evidentiary hearing held, at which counsel can explain his reasons for failing to call the witnesses.

### Sufficiency of the evidence.

■ Appellant argues that the evidence was insufficient to support the jury's verdict. The test for sufficiency is whether, accepting all the evidence as true, with all reasonable inferences that properly could be made from it, the evidence proved beyond a reasonable doubt that appellant was guilty. *Commonwealth v. Barky*, 476 Pa. 602, 383 A.2d 526 (1978). A thorough review of the record shows that the evidence admitted, although largely circumstantial, together with permissible inferences, was sufficient to support a verdict of guilty.

### The duplicitous information.

■ Appellant argues that the complaint joined in a single count two separate offenses. The third count of the

---

**4.** Appellant claims Mr. Padowski witnessed threats made by the employer to appellant, intended to force return of the money the employer believed appellant had stolen. Testimony on such threats would not have been hearsay, in our opinion, since the question was whether threats were made, not whether the statements made were true. *See Commonwealth v. Covil*, 474 Pa. 375, 378 A.2d 841 (1977) (testimony on threatening statements made to victim by defendant admissible as evidence of motive for killing).

information charged the defendants with conspiracy to commit the crime of false reports to law enforcement officials and/or conspiracy to commit theft. Trial counsel, appellant argues, should have objected to the information.[5]

In *Commonwealth v. Baranyai*, 278 Pa.Super. 83, 419 A.2d 1368 (1980), this Court set aside a conviction obtained on a fatally defective information, which had charged the defendant with a crime not listed in the statute books. Here, the information charged appellant with criminal conspiracy, in that he conspired to commit the crimes of false reports to law enforcement authorities and/or theft by unlawful taking or disposition. The jury returned a verdict of guilty, without stating whether appellant had conspired to commit the first, second or both offenses.[6]

In our opinion, the verdict, combined with the thorough jury instructions given by the court, cured any duplicity in the information. The jury clearly found that appellant had committed both conspiracy to commit theft and conspiracy to make false reports.

Appellant also argues that there was a variance between the charges and proof at trial. After a careful examination of the charges, the evidence brought forth, and arguments by counsel, we find there is no variance. Since counsel was not ineffective for failing to object to the information and the alleged variance, no hearing is required for this issue.

**The neutron activation test.**

Appellant argues that the Commonwealth failed to supply him with the results of a neutron activation test for gunpowder traces, even though he had made a proper request for all exculpatory evidence under Pa.R.Crim.P. 305(A). He

**5.** There is a difference between conspiracy to commit the crime of false reports and conspiracy to commit theft. Conspiracy/false reports is a misdemeanor III, 18 Pa.C.S. §§ 903, 905, 1104, 4906 (Purdon's 1983). Conspiracy/theft is a felony III, 18 Pa.C.S. §§ 903, 905, 1103, 3903 (Purdon's 1983).

**6.** Technically, this violates Pa.R.Crim.Pa. 228(a), 42 Pa.C.S., requiring each offense be listed in a separate count.

argues that the Commonwealth's failure to give him the test results denied him due process of law.

In *Commonwealth v. Stafford*, 450 Pa. 252, 299 A.2d 590, *cert. denied* 412 U.S. 943, 93 S.Ct. 2775, 37 L.Ed.2d 404 (1973), the Supreme Court held that reports on a defendant's clothing should be made available to the defendant at trial once the Commonwealth initiated a general inquiry into the clothing. The Court held there had been no prejudice to the defendant, however, since the state of the clothing was never brought up at trial.

 Here, the failure to produce the test results did not prejudice the defendant. The results were inconclusive, and could not have helped or hurt the defendant's case. He has not been denied due process of law.

**The disparate sentences.**

 Appellant complains that trial counsel was ineffective for failing to move to reconsider sentence, and that the sentencing court failed to give adequate reasons for the disparate sentences given the co-defendants. Appellant received an effective sentence of one to three years. Spearin received an effective sentence of 11½ to 23 months, a minimum of one-half and a maximum of 13 months less than appellant.[7]

7. Each received five years' probation for conspiracy. We note also that in *Commonwealth v. Rooney*, 296 Pa.Super. 288, 442 A.2d 773 (1982), this Court held that sentencing courts may not rest the sentence upon the seriousness of the crime alone. Here, from the sentencing colloquy, it is apparent that the court did just that. Additionally, the court apparently did not make use of the Sentencing Guidelines, 42 Pa.C.S. § 9721 (Purdon's 1983). In *Commonwealth v. Walton*, 289 Pa.Super. 411, 433 A.2d 517 (1981), we held a court is not required to set forth the factors enumerated in the Guidelines as a checklist, but that there must be some evidence that the court has carefully considered the weight to be given each of the grounds set forth in applicable sections dealing with probation, partial confinement and total confinement. And, within the framework of the facts of the individual case, the sentencing court must enunciate to the defendant the underlying reasons for the sentence imposed.

Here, it is apparent that the court did not consider the alternatives of non-confinement or partial confinement, stating that "certainly the kind of offense involved here would not permit me to impose any-

██ Before we address appellant's issue, we note that the sentence imposed on the criminal conspiracy count of the information is probation for five years. We also note that because conspiracy to make false reports to law enforcement officials is a misdemeanor III, with a maximum sentence of one year imprisonment, a sentence of five years' probation is illegal. Since the court did not state that the probation was for conspiracy to commit theft, a felony III with a maximum sentence of seven years, we must remand for resentencing on this count, as the imposed sentence is illegal.

██ As for the disparate sentence argument: the usual rule is that courts need not impose identical sentences on co-defendants. But, in order for different sentences to withstand appellate scrutiny, the sentencing court must articulate the differences between the co-defendants that justify the disparate sentences. *Commonwealth v. Sinwell*, 311 Pa.Super. 419, 427, 457 A.2d 957, 960 (1983).

██ Here, since trial counsel never moved to reconsider sentence, the sentencing court gave no reasons for its disparate sentences. Accordingly, on this point, we must remand to the sentencing court for reconsideration of sentence.

Remanded for an evidentiary hearing on effectiveness of counsel with respect to failure to call witnesses. If counsel was effective, the court is to resentence on conspiracy, and reconsider the remaining sentence. If counsel was ineffective, sentence is vacated and a new trial on all charges is granted.

Jurisdiction relinquished.

thing other than a jail sentence." The court, when reconsidering sentence for the reasons stated in the text of the opinion, should examine the Guidelines, and enunciate to the defendant its reasons for the sentence.