562 A.2d 885

**COMMONWEALTH of Pennsylvania**

v.

**Carol DILLON, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1989.

Filed Aug. 2, 1989.

Manuel Grife, Philadelphia, for appellant.

Maxine Stotland, Asst. Dist. Atty., Philadelphia for Com.

Before WIEAND, MONTEMURO and HOFFMAN, JJ.

WIEAND, Judge:

Carol Dillon was found guilty by a jury of murder of the third degree in the stabbing death of her husband on the evening of June 7, 1986. Post-trial motions were dismissed, and she was sentenced to serve a term of imprisonment for not less than three (3) years nor more than six (6) years.[1] On direct appeal, she challenges the sufficiency of the evidence to sustain the jury's verdict and alleges numerous trial errors. We will consider these issues seriatim.

■ Appellant's post-trial motions contained only a "boiler-plate" challenge to the sufficiency of the evidence. This was inadequate to preserve for appellate review any specific deficiency in the Commonwealth's proof. See: *Commonwealth v. Holmes*, 315 Pa.Super. 256, 461 A.2d 1268 (1983).

■ Moreover and in any event, a review of the record discloses evidentiary support for the jury's finding. On June 7, 1986, at or about 7:05 p.m., police found appellant's husband lying unconscious in his home at 5236 Penway Street, Philadelphia. He had sustained a single stab wound of the left chest and was taken immediately to Parkview Hospital, where he was pronounced dead at 8:44 p.m. The decedent's wife, Carol Dillon, initially denied knowledge of the circumstances surrounding the stabbing death of her husband. While she was at the hospital, however, police found a brown-handled butcher knife with blood on it, as well as a blood-stained towel and washcloth in the residence. Police suspicion thereafter focused on the decedent's wife, and she was subsequently transported from the hospital to police headquarters for questioning. After continuing to deny any knowledge of the incident resulting in the stabbing of her husband, police confronted Mrs. Dillon with a neighbor's statement that Mrs. Dillon and her husband had been observed quarreling in their car shortly before he had been stabbed. Mrs. Dillon thereafter gave a statement in which she admitted that she had stabbed her

1. Dillon was also sentenced to a concurrent term of imprisonment for not less than one (1) year nor more than two (2) years on a conviction for possessing an instrument of crime.

husband. This evidence was sufficient to sustain a finding that appellant was guilty of murder of the third degree.

Appellant's defense was that she had acted in self-defense when attacked by an allegedly intoxicated husband. The testimony, however, was contradictory. The Deputy Medical Examiner for the City of Philadelphia testified that there were no traces of alcohol in the decedent's blood. There was testimony that the decedent and appellant had been arguing, immediately prior to the killing and also on the preceding night. Whether the argument was about appellant's seeing her former husband or about the long hours which the decedent spent at his job is not certain. Appellant testified at trial that the argument had become violent on the preceding night and that the decedent had pushed her, causing her to fall and strike her head. She also testified generally that the decedent had beaten her during the course of the marriage. This general accusation, however, was neither corroborated by other evidence nor particularized by specific instances; and other witnesses testified that the decedent had never struck his wife or evidenced a tendency toward violence. His former wife testified that the decedent had never struck her and that even after he had been drinking he was not violent but became either sleepy or "extra happy." It is readily apparent, therefore, that the credibility of appellant's defense was for the jury to weigh and consider in light of the Commonwealth's evidence that appellant had stabbed her husband in the chest with a butcher knife.

■ Appellant argues that the statement made at the hospital, to the effect that she did not know how her husband had been injured, and the confession made at the police station should have been suppressed because they had not been preceded by Miranda[2] warnings. The suppression court found, however, that at the hospital appellant had been neither a suspect nor in custody. She had called police to the home, had denied knowledge of how her

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

husband had been stabbed, explained that she had been smeared with blood by handling him, and asked police to take her to the hospital to which her husband had been removed. There, in response to questions, she continued to assert ignorance regarding the circumstances of her husband's wound.

It was when appellant was at the hospital that police located the blood covered knife and learned that appellant and her husband had been arguing in their car before entering their home prior to the stabbing. When the decedent expired at 8:44 p.m., police at the hospital were asked to bring appellant to the police station for questioning. There she was advised of her rights under *Miranda* and later admitted that she was the person who had stabbed her husband.

A reviewing court must determine whether the evidence supports the factual findings of the suppression court. In making this determination, we consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Lark*, 505 Pa. 126, 129, 477 A.2d 857, 859 (1984). See also: *Commonwealth v. Kichline*, 468 Pa. 265, 280–281, 361 A.2d 282, 290 (1976); *Commonwealth v. Stark*, 363 Pa.Super. 356, 365, 526 A.2d 383, 388 (1987); *Commonwealth v. Dinicola*, 348 Pa.Super. 405, 409, 502 A.2d 606, 608 (1985). The record of the suppression hearing in this case discloses competent evidence which supports the findings of the suppression court. Because appellant was not in custody at the hospital, *Miranda* warnings were unnecessary, and the absence thereof did not require suppression of appellant's voluntary statements. See: *Commonwealth v. Fento*, 363 Pa.Super. 488, 526 A.2d 784 (1987). See also: *Commonwealth v. Zimmerman*, 351 Pa.Super. 5, 504 A.2d 1329 (1986); *Commonwealth v. Wu*, 343 Pa.Super. 108, 494 A.2d 7 (1985); *Commonwealth v. Orlowski*, 332 Pa.Super. 600, 481 A.2d 952 (1984).

■ At trial, appellant offered testimony by her son, Robert Weinert, Jr., that when he and his friends would visit the home of appellant and the decedent, the decedent would "drink and smoke marijuana and inhale it and he would get drunk and mean and vicious." Appellant also offered as an exhibit a picture of the victim smoking marijuana. The trial court found this evidence irrelevant and sustained objections made by the Commonwealth thereto. Appellant contends that this was error. We disagree.

Evidence, to be admissible, must be relevant. *Commonwealth v. Hill*, 340 Pa.Super. 155, 162, 489 A.2d 889, 892 (1985); *Commonwealth v. Potts*, 314 Pa.Super. 256, 275, 460 A.2d 1127, 1137 (1983). "Relevant evidence 'tends to increase or decrease the probability of a material fact' at issue." *Commonwealth v. Hill, supra,* quoting *Commonwealth v. Potts, supra* 314 Pa.Super. at 276, 460 A.2d at 1137. Concerning the issue of relevancy, it has been said that

"[t]he law furnishes no test of relevancy, but tacitly refers it to logic and general experience. Evidence is admissible which tends to make the fact at issue more or less probable or intelligible or to show the origin and history of the transaction between the parties and explain its character." *Gregg v. Fisher*, 377 Pa. 445, 454, 105 A.2d 105, 110 (1954). Therefore, issues of relevancy are left in large measure to the sound discretion of the trial court, whose decisions will not be reversed in the absence of a clear abuse of discretion. See: *Commonwealth v. Saksek*, 361 Pa.Super. 173, 522 A.2d 70 (1987); *Commonwealth v. Underwood*, 347 Pa.Super. 256, 500 A.2d 820 (1985); *Commonwealth v. Jackson*, 336 Pa.Super. 609, 486 A.2d 431 (1984); *Commonwealth v. Lumpkins*, 324 Pa.Super. 8, 471 A.2d 96 (1984).

*Commonwealth v. Sullivan*, 372 Pa.Super. 88, 96, 538 A.2d 1363, 1368 (1988).

In the instant case, the trial court did not abuse its discretion when it excluded evidence that the decedent during his lifetime had drunk alcohol and smoked marijuana

with his stepson's friends. This would not have added to the jury's ability to understand the facts surrounding the victim's death and would have injected a collateral issue which could have served only to confuse the jury.

Appellant argues on appeal that she wanted to show by this evidence that the victim had become *hostile and aggressive toward her* when he drank and used drugs. This, however, was not a part of the offer made at trial. The offer made at trial focused on unspecified dates and concerned events which did not involve appellant. Thus, the events included in the offer of proof were not probative of the relationship between the decedent and his wife.

■ At trial, appellant offered to produce Dr. Richard Lonsdorff, a psychiatrist, to give "a professional opinion as to what [appellant's] mental state was at the time the killing took place and what the mental state is of a woman who has been battered ..., her reaction to such battering, and her reaction after the killing as to what she may or may not tell other people as to what occurred." The trial court disallowed the offer of proof, holding that the battered woman syndrome had not been recognized in this Commonwealth as a defense in homicide cases. See: *Commonwealth v. Tyson*, 363 Pa.Super. 380, 526 A.2d 395 (1987); *Commonwealth v. Stonehouse*, 358 Pa.Super. 270, 517 A.2d 540 (1986), *rev'd*, 521 Pa. 41, 555 A.2d 772 (1989).

Recently, a plurality of the Pennsylvania Supreme Court determined that trial counsel would be deemed ineffective in a homicide case if he or she failed to introduce expert testimony regarding the battered woman syndrome, holding that "[b]ecause the battered woman syndrome is not within the ordinary training, knowledge, intelligence and experience of jurors, we believe that expert testimony regarding battered women is admissible as the basis for proving justification in the use of deadly force where the defendant has been shown to be a victim of psychological and physical abuse." *Commonwealth v. Stonehouse*, 521 Pa. 41, 61–64, 555 A.2d 772, 782–783 (1989). The majority of the Court in *Stonehouse*, however, concluded that the admissibility of

evidence pertaining to the battered woman syndrome was not properly before the Court and declined to express an opinion whether Pennsylvania would recognize such a defense. See: *Commonwealth v. Stonehouse, supra* (Zappala, J. concurring); *Id.* (Nix, C.J. dissenting). Therefore, the battered woman syndrome has not been accepted precedentially in this Commonwealth as a valid defense in homicide cases.

■ Even if we were to speculate that the Supreme Court is about to adopt the "battered woman" defense in this Commonwealth, the opinion testimony offered by appellant in this case was properly rejected. In *Stonehouse*, the plurality opinion written by Justice Larsen emphasized that expert testimony pertaining to the battered woman syndrome was appropriate "where uncontradicted testimony reveals that the defendant was a victim of such abuse." *Id.*, 521 Pa. at 44, 555 A.2d at 774. The facts of the instant case are not so compelling. Whether appellant in the instant case was a battered woman was sharply disputed by the Commonwealth, and the evidence was contradictory. Appellant's testimony that she had been beaten by a drunken husband prior to the stabbing and her general accusation that he had beaten her repeatedly during fourteen months of marriage was largely uncorroborated and was substantially contradicted by other evidence. The deputy medical examiner, as we have observed, found no alcohol present in the decedent's body. Moreover, a Commonwealth witness, Bernadette Whitaker, who had been with the decedent at a party on the night before he was killed testified that although he had been drinking, he had not been intoxicated and, in fact, had left the party to return to work and complete an unfinished assignment. Whitaker also testified that she had known the decedent for many years and that he did not ever become violent when he consumed alcohol. The decedent's former wife testified that the decedent had not struck her in sixteen years of marriage and that he did not become violent when drinking. Appellant's son, who had lived in the same home with appellant and the decedent,

said he had never seen the decedent strike appellant. Under these circumstances, we perceive no error in the trial court's ruling.

■ To have allowed expert testimony to explain appellant's statements following the killing, moreover, would have been improper. This was a matter within the jury's comprehension and the scope of its responsibilities as judge of the facts. As such, it did not require expert testimony. Jurors are human and may be unduly impressed by expert opinion even though, upon reflection, they would realize that in the particular field under discussion they are as much at home as the expert. *Collins v. Zediker*, 421 Pa. 52, 55, 218 A.2d 776, 778 (1966). See also: *Commonwealth v. Gallagher*, 519 Pa. 291, 547 A.2d 355 (1988); *Commonwealth v. Davis*, 518 Pa. 77, 541 A.2d 315 (1988); *Commonwealth v. Seese*, 512 Pa. 439, 517 A.2d 920 (1986). Therefore, the trial court did not err in excluding expert testimony to explain why appellant had avowed ignorance of the killing immediately following the event.

■ Appellant also contends that the trial court erred when it failed to instruct the jury (1) regarding the offense of involuntary manslaughter; and (2) that it could consider the cumulative effect of her husband's abusive conduct in determining, for purposes of applying the defense of self-defense, whether her asserted fear of imminent death or serious bodily injury was reasonable. Although appellant submitted requested points for charge on these aspects of the case, she made no objection when the trial court failed to include the requested instructions in its charge to the jury.

Pa.R.Crim.P. 1119(b) establishes the following rule:

(b) No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury.

By virtue of this rule, the courts have held that "in order to preserve an issue regarding the charge to the jury, a specific objection must be made pursuant to Pa.R.Crim.P. 1119(b), even where jury instructions have been timely offered and refused." *Commonwealth v. Rineer*, 310 Pa. Super. 241, 249, 456 A.2d 591, 595 (1983). See: *Commonwealth v. Galloway*, 495 Pa. 535, 434 A.2d 1220 (1981); *Commonwealth v. Brown*, 490 Pa. 560, 417 A.2d 181 (1980); *Commonwealth v. Martinez*, 475 Pa. 331, 380 A.2d 747 (1977) (plurality opinion); *Commonwealth v. Fisher*, 342 Pa.Super. · 533, 493 A.2d 719 (1985); *Commonwealth v. Ignatavich*, 333 Pa.Super. 617, 482 A.2d 1044 (1984). These decisions make it clear that the trial court's refusal to grant appellant's requested points for charge has been waived.

■ Appellant also challenges the trial court's instructions on justification for the use of deadly force. The gravamen of appellant's argument is that the trial court did not employ the term "self-defense"; did not clearly delineate which party it was referring to when speaking about the use of deadly force; and used the term "reasonable" in an inordinately confusing manner while delivering the following instruction:

In this case, as you determine it and only as you determine it, the evidence may indicate that the defendant may have used deadly force, as I just defined that term for you. That is, once again, force that was readily capable of causing death or serious bodily injury under the circumstances in which it was used.

If you so determine it, you should remember special rules apply in determining the availability of the defense of justification when deadly force is involved. Because the Commonwealth has the burden of disproving the defense of justification, you may find the defendant guilty only if you are satisfied beyond a reasonable doubt that the defendant did not reasonably believe that the use of deadly force, if you so find it existed, was then and there necessary to protect herself against death or serious bodily injury.

In other words, if you are satisfied beyond a reasonable doubt that the defendant was not reasonable in her belief that the use of deadly force, if any you find to exist, was then and there necessary to protect herself from the danger of death or serious bodily injury, then you may find the defendant guilty.

In reviewing appellant's challenge to the trial court's charge on the defense of justification we are guided by the following principles:

[A]n appellate evaluation of a trial court's charge to the jury must be based on an examination of the charge as a whole in order to determine whether it was fair or prejudicial. *Commonwealth v. Ohle,* 503 Pa. 566, 582, 470 A.2d 61, 70 (1983); *Commonwealth v. Tolassi,* 489 Pa. 41, 57, 413 A.2d 1003, 1010 (1980). Error cannot be predicated on isolated excerpts from a charge, but must be predicated on the charge as a whole. *Commonwealth v. Sweger,* 351 Pa.Super. 188, 194, 505 A.2d 331, 334 (1986); *Commonwealth v. Smith,* 343 Pa.Super. 435, 443, 495 A.2d 543, 547 (1985). Jury instructions will be upheld if they adequately and accurately reflect the law and are sufficient to guide the jury properly in its deliberations. *Commonwealth v. Person,* 345 Pa.Super. 341, 345, 498 A.2d 432, 434 (1985).

*Commonwealth v. Johnson,* 368 Pa.Super. 427, 429–430, 534 A.2d 511, 512 (1987). See also: *Commonwealth v. Ohle,* 503 Pa. 566, 470 A.2d 61 (1983), *cert. denied,* 474 U.S. 1083, 106 S.Ct. 854, 88 L.Ed.2d 894 (1986); *Commonwealth v. Magwood,* 371 Pa.Super. 620, 538 A.2d 908 (1988); *Commonwealth v. Wallace,* 347 Pa.Super. 248, 500 A.2d 816 (1985). The instructions of the trial court in the instant case were free of error and sufficient to guide the jury's deliberations adequately and accurately regarding appellant's right to use a knife in self-defense. There is inherent therein no basis for a new trial.

Appellant argues, additionally, that the court's instruction imposing upon her a duty to retreat was erroneous. Because she was in her own home, appellant contends, she had

no duty to retreat unless she were the initial aggressor. This alleged error, however, has also been waived. Appellant did not object to the alleged error in the court's jury instructions before the jury retired to deliberate and did not assert the alleged error in her motion for post-trial relief. Consequently, it was not considered by the trial court at trial or in its opinion denying post-trial relief. This Court will not consider an issue raised for the first time on appeal. *Commonwealth v. Gordon*, 364 Pa.Super. 521, 534, 528 A.2d 631, 638 (1987). See also: *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 45 n. 7, 488 A.2d 293, 300 n. 7 (1985); *Commonwealth v. Bradshaw*, 324 Pa.Super. 249, 254–255, 471 A.2d 558, 560–561 (1984).

The judgment of sentence is affirmed.