J-S63028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HASSAN AUSTIN | : | |
| | : | |
| Appellant | : | No. 824 EDA 2019 |

Appeal from the PCRA Order Entered March 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010116-2014

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 30, 2019**

Hassan Austin (Appellant) appeals from the order dismissing without a hearing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we vacate the order and remand for an evidentiary hearing to be held within 30 days of the date of this memorandum.

The PCRA court summarized the procedural history as follows:

> On May 26, 2015, [Appellant] entered an open guilty plea to two counts of robbery, and one count each of burglary, conspiracy to commit robbery, and possession of a firearm prohibited.[1]

*      *      *

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3502(a)(1), 903, and 6105(a)(1).

> Following a detailed written and verbal colloquy, [the trial c]ourt accepted [Appellant's] plea [] and deferred sentencing for a completion of a presentence investigation and a [Forensic Intensive Recovery] evaluation. On November 5, 2015, [Appellant] was sentenced to an aggregate term of six to fifteen years of incarceration, followed by three years of state supervised probation. [Appellant] filed a petition for reconsideration of sentence on November 13, 2015, which was denied on November 19, 2015.

PCRA Court Opinion, 5/6/19, at 1-2 (footnotes omitted).

Appellant appealed to this Court. While his appeal was pending, the trial court sentenced Appellant's co-defendant to a lesser sentence than Appellant. Upon learning of his co-defendant's sentence, Appellant raised for the first time in his Rule 1925(b) statement and appellate brief, a discretionary aspects of sentencing claim. In particular, Appellant alleged the sentencing court abused its discretion by imposing on his co-defendant a less severe sentence without explaining the disparity on the record. *Commonwealth v. Austin*, 3751 EDA 2015, at *6 (Pa. Super. Oct. 13, 2017) (unpublished memorandum). This Court, however, declined to address the argument, finding waiver because the issue was never raised with the trial court, and the co-defendant's sentencing transcript was not included in the certified record on direct appeal. *Id.* at *3. Significantly, we instructed that **"[t]he proper course to have preserved this issue given the date of co-defendant's sentence was to file a petition for remand in this Court to seek redress in the lower court**." *Id.* at *3 n.4 (emphasis added).

This Court affirmed Appellant's judgment of sentence and Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court. Accordingly, Appellant's judgment of sentence became final on November 13, 2017. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). On March 19, 2018, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended PCRA petition on August 3, 2018.

After several continuances, the PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not file a response. The PCRA court formally dismissed Appellant's petition on March 8, 2019. This timely appeal followed. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Appellant raises two issues for our review:

I.    Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

II.   Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 8 (trial court answers omitted).

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of

the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

On appeal, Appellant alleges that his counsel on direct appeal (Counsel) was ineffective for failing to file a motion for remand with this Court. Consistent with our decision in Appellant's direct appeal, Appellant asserts that remand was necessary for the trial court to address the sentencing disparity between Appellant and his co-defendant. Appellant's Brief at 8; *see also Commonwealth v. Austin*, 3751 EDA 2015, at *6 ("[t]he proper course to have preserved this issue given the date of co-defendant's sentence was to file a petition for remand in this Court to seek redress in the lower court"). Appellant submits that Counsel "should have preserved Appellant's right to challenge [the disparity in sentences]," and Counsel's failure to file a motion for remand resulted in waiver of his claim. Appellant contends that Counsel's inaction constituted ineffective assistance of counsel. Appellant further argues that the PCRA court erred in dismissing his petition without holding an evidentiary hearing. *See id.*

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice

measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Id.*

The law governing our inquiry into allegations of a manifest abuse of discretion in sentencing multiple co-defendants is well-settled:

> [C]o-defendants are not required to receive identical sentences. Generally, a sentencing court must indicate the reasons for differences in sentences between co-defendants. This is not to say, however, that the court must specifically refer to the sentence of a co-defendant. Rather, it requires that when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010) (citations omitted).

Therefore, "in order for different sentences to withstand appellate scrutiny, **the sentencing court must articulate the differences between the co-defendants that justify the disparate sentences**." *Commonwealth v. Hill*, 489 A.2d 889, 895 (Pa. Super. 1985) (citation omitted) (emphasis added). In *Mastromarino*, this Court concluded that the trial court adequately placed on the record its reasons for sentencing the appellant to a greater sentence than his co-defendants, because the appellant had a greater role in the crime. *Mastromarino*, 2 A.3d at 590.

In *Commonwealth v. Ali*, 197 A.3d 742 (Pa. Super. 2018), this Court again addressed whether the sentencing court adequately explained the

disparity in sentences between the appellant and his co-defendants. We explained:

> Moreover, and contrary to Ali's assertion, the trial court specifically addressed and set forth reasons for the disparity between Ali's, Himed's, and Malloy's sentences. For example, in addition to the fact that Himed and Malloy entered negotiated guilty pleas, the trial court explained there was a disparity between Ali's and Himed's sentences because Ali was the head of the Achi store from which the K2 drug and paraphernalia was sold. Moreover, as to the disparity between Ali's and Malloy's sentences, the trial court explained that Ali's store provided the K2 to Malloy, who then drove while under the influence.
>
> Based on the aforementioned, we conclude the trial court sufficiently explained the reasons for Ali's sentence, and in particular, the reasons justifying the disparity between Ali's, Himed's, and Malloy's sentences. Accordingly, there is no merit to this claim.

*Id.* at 764-65 (citations to notes of testimony and trial court opinion omitted).

In both **Mastromarino** and **Ali**, this Court held that the record included – in addition to a discussion of the sentencing guidelines – sufficient explanation for the disparity in sentences between the appellants and their co-defendants; the sentencing court provided its reasons for imposing the disparate sentences; and each sentence was particular to each defendant. In the instant case, however, our review of the record reveals no reason for the disparate sentences. While the trial court stated that it considered multiple factors in sentencing Appellant, it did not state its reasoning for Appellant's

sentence vis-à-vis Appellant's co-defendant.[2] **See generally**, N.T., 11/5/15, at 3-21. Because a sentencing court "must articulate the differences between the co-defendants that justify the disparate sentences," Appellant's underlying claim has arguable merit. **Hill**, 489 A.2d at 895.

Further, and as noted above, Counsel's failure to file a motion for remand for Appellant to challenge the disparate sentences received by Appellant and his co-defendant resulted in waiver of this claim on direct appeal. **See Austin**, 3751 EDA 2015, at *7 (citing **Steiner v. Markel**, 968 A.2d 1253, 1257 (Pa. 2009) (holding that inclusion of an issue in a Rule 1925(b) statement that has not been previously preserved does not entitle litigant to appellate review of the unpreserved claim)); **see also** Pa.R.A.P. 302(a).[3] For these reasons, there may be "a reasonable probability of a different outcome" at sentencing, and consequently, Appellant has also established the prejudice prong of the ineffectiveness test. **See Commonwealth v. McGill**, 832 A.2d 1014, 1023 (Pa. 2003) (stating that a

---

[2] We recognize that Appellant's co-defendant was sentenced six weeks after Appellant, and beyond the 10-day period in which to file a motion to reconsider. Pa.R.Crim.P. 720. Because of this timing issue, Appellant's only means of redress would have been a *nunc pro tunc* motion filed upon his appeal being remanded to the trial court.

[3] We reiterate that on direct appeal, we determined that Appellant may have an actionable claim of ineffective assistance of counsel based on Counsel's failure to seek remand and pursue a *nunc pro tunc* sentencing claim. **See Austin,** 3751 EDA 2015, at *6-7; **see also Commonwealth v. Gacobano**, 65 A.3d 416, 419-20 (Pa. Super. 2013) (discussing the law of the case doctrine).

petitioner establishes the prejudice prong of an ineffectiveness claim where counsel fails to raise a meritorious claim).

We thus turn to whether Appellant has established that Counsel's "action or inaction lacked any objectively reasonable basis designed to effectuate [Appellant]'s interest[.]" *Commonwealth v. Natividad*, 938 A.2d 310, 321 (Pa. 2007). Here, the PCRA court dismissed Appellant's PCRA petition without holding an evidentiary hearing. Thus, the record fails to include "the reasons, if any, for [C]ounsel's inaction. . . ." *See Commonwealth v. Jennings*, 414 A.2d 1042, 1043 (Pa. 1980). Accordingly, the appropriate remedy is to remand to the PCRA court for an evidentiary hearing to determine the reasons for Counsel's conduct. *Id.*; *see also Commonwealth v. Mayfield*, 465 A.2d 40, 42 (Pa. Super. 1983) ("[O]ur appellate courts are not hesitant to remand appeals to the trial court for an evidentiary hearing to determine the grounds for the conduct of counsel when the reasons, if any, for the inaction cannot be determined from the record."). The hearing shall be held within 30 days of the date of this memorandum.

In sum, we vacate the PCRA court's order and remand for further proceedings consistent with this decision.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/19