454 A.2d 641

**COMMONWEALTH of Pennsylvania**

v.

**Ronald DANDAR, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 9, 1982.

Decided Jan. 7, 1983.

490

Anthony Vardaro, Meadville, for appellant.

John M. Dawson, First Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and MONTGOMERY, JJ.

ROWLEY, Judge:

Appellant was convicted on November 11, 1976, of two counts of theft by deception and sentenced to one and one-half (1½) to five (5) years imprisonment. Judgment of Sentence was affirmed on direct appeal in a per curiam order by an *en banc* panel of this court. *Commonwealth v. Dandar*, 267 Pa.Super. 623, 408 A.2d 534 (1979).

We will not even attempt to list the numerous petitions and appeals which appellant has filed with the Courts of Common Pleas, the Pennsylvania Appellate Courts and the Federal Courts during the last six years. The present appeal is from an order of January 16, 1980, denying appellant's petition for relief under the Post-Conviction Hearing Act (PCHA)[1] without hearing. Originally appel-

---

**1.** Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (1965), § 1 et seq., 19 P.S. § 1180–1 et seq., *repealed.* Act of April 28, 1978, P.L. 202, No. 53, § 2(2) (1397) effective June 27, 1980, *as amended* by Act of June 26, 1980, P.L. 265, No. 77, § 2 delaying repeal

lant was unrepresented, but on July 7, 1980, this court entered an order directing the PCHA court to appoint counsel to represent appellant. Present counsel was appointed on July 23, 1980.

Three issues are raised in this appeal: 1) Was trial counsel ineffective in failing to pursue appellant's incompetence to stand trial in both his first and second trials?; 2) Did the trial held on November 10, 1976, place appellant twice in jeopardy? and 3) Should the PCHA court have held a hearing on appellant's allegation concerning after-acquired evidence?

Appellant's first trial began on September 24, 1976. However, his "bizarre" behavior during opening arguments raised serious doubts in the trial judge's mind as to his competence to stand trial. Therefore, the court declared a mistrial and ordered a psychiatric examination. An hour after appellant was hospitalized, the court was advised by the psychiatrists that they could find no evidence of mental illness. In their opinion, appellant had been "putting on a show" and was competent to stand trial. The case was continued to the November term of court and trial began on November 10, 1976.

■ The argument that counsel was ineffective in failing to pursue appellant's alleged incompetence, with respect to the September 24 trial, is patently frivolous. A mistrial was declared on the date for the very reason that appellant appeared to be incompetent.

■ With respect to the November 10 trial, the argument is likewise without merit. The record shows that counsel did in fact pursue the competency issue. Prior to that trial, he filed a petition seeking another psychiatric examination, which was denied. The competency issue was raised in post-trial motions and was thoroughly discussed in the trial

until June 27, 1981, *as further amended* by the Act of June 26, 1981, P.L. 123, No. 41, § 1 delaying repeal until June 26, 1982, *repealed* by Act of May 13, 1982, P.L. 587, No. 1982–122, § 3, *replaced* by 42 Pa.C.S. § 9541 et seq.

court's opinion of March 22, 1977, prior to appellant's direct appeal.

■ Appellant next claims that the trial held on November 10, 1976, placed him twice in jeopardy. Appellant continues to maintain that on September 24, 1976, he was unable to understand the nature of the charges against him and was therefore incompetent to stand trial on that date. In spite of that fact, he goes on to argue that there was no "manifest necessity" for the court to declare a mistrial on that date. Therefore, according to appellant, he could not be retried on November 10. This argument is completely ridiculous and does not deserve discussion. Furthermore, the double jeopardy issue could have been raised at the time of the second trial. Since appellant has offered no explanation for his failure to raise this issue previously, it has been waived. 19 P.S. § 1180–4(b).

■ Appellant finally alleges to have in his possession information acquired after trial indicating he was mentally ill at the time of the crimes and/or trial. No mention was made in his petition or in his brief on appeal as to the nature of this "information". We therefore conclude that appellant has failed to allege sufficient *facts* to warrant relief under the PCHA. *See Commonwealth v. Ashley*, 277 Pa.Super. 287, 419 A.2d 775 (1980); *Commonwealth v. Oliver*, 280 Pa.Super. 274, 421 A.2d 719 (1980).

■ Along with his PCHA petition, appellant also filed petitions for appointment of a psychiatrist and a physician to give expert testimony regarding appellant's incompetence to stand trial in 1976. Such testimony would not constitute "after-acquired evidence". Furthermore, as we have already pointed out, the issue of appellant's competency was thoroughly explored at the time of trial.

■ All of appellant's allegations are patently frivolous and contradicted by the record. The PCHA court was

494

correct in denying his petition without a hearing.  19 P.S. § 1180–9.

Order affirmed.