J-S75021-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
             :     PENNSYLVANIA
             :
      v.       :
             :
             :
RONALD G. DANDAR     :
             :
    Appellant    :  No. 544 WDA 2017

Appeal from the PCRA Order March 27, 2017
In the Court of Common Pleas of Crawford County
Criminal Division at No(s):  No(s):  No. CR 349-1976,
No. CR 394-1976

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

JUDGMENT ORDER BY OTT, J.:      FILED DECEMBER 01, 2017

Ronald D. Dandar appeals pro se[1] from the order entered March 27, 2017, in the Court of Common Pleas of Crawford County, denying him relief on his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 et seq.  Because Dandar is no longer serving a sentence associated with the underlying conviction, he is no longer eligible for PCRA relief.  Accordingly, we affirm.

On November 11, 1976, Dandar was convicted by a jury of two counts of theft by deception and sentenced on January 18, 1977, to two concurrent

_____

[1] The PCRA court appointed counsel, who filed a no-merit letter.  See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 50 A.2d 213 (Pa. Super. 1988) (en banc).  The PCRA court granted appointed counsel's motion to withdraw from representation.

one and one-half to five years terms of imprisonment. On appeal, this Court affirmed the judgment of sentence. Commonwealth v. Dandar, 408 A.2d 534 (Pa. Super. 1979) (unpublished memorandum). Dandar was unsuccessful in his first attempt to obtain collateral relief from the judgment of sentence under the Post Conviction Hearing Act (PCHA), the predecessor to the PCRA. See Commonwealth v. Dandar, 454 A.2d 641 (Pa. Super. 1983). In 1997, this Court affirmed the denial of his pro se PCRA petition, finding Dandar "was sentenced to two concurrent one and one-half (1½) to five (5) year sentences in 1978, and he is no longer serving a sentence of imprisonment, probation or parole for the theft charges relating to the instant petition." Commonwealth v. Dandar, 704 A.2d 1115 (Pa. Super. October 29, 1997) (unpublished memorandum, at 2).

The requirements for eligibility for PCRA relief are found at 42 Pa.C.S. § 9543:

> (a) General rule.--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) currently serving a sentence of imprisonment, probation or parole for the crime;

42 Pa.C.S. § 9543(a)(1)(i).

Pursuant to statute, because Dandar is no longer serving a sentence for the underlying crime, he is ineligible for PCRA relief. See also

Commonwealth v. Williams, 977 A.2d 1174 (Pa. Super. 2009) (As soon as sentence is completed, a petitioner becomes ineligible for PCRA relief regardless of collateral consequences of their sentence.)

As Dandar is as ineligible for PCRA relief now as he was in 1997, when we affirmed the dismissal of his PCRA petition based on the fact he was no longer serving the underlying sentence, we affirm.

Order affirmed. Motion for extension of time to file a reply brief and application for relief are denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2017