J-S38008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                     :              PENNSYLVANIA
                     :
          v.               :
                     :
                     :
VINCENT JORDAN            :
                     :
         Appellant     :     No. 670 WDA 2017

Appeal from the PCRA Order April 18, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002061-2014

BEFORE:   BOWES, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:               **FILED JULY 10, 2018**

Vincent Jordan appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We remand.

On December 1, 2014, Appellant entered a negotiated guilty plea to three counts of aggravated assault, and one count each of recklessly endangering another person and possession of firearm prohibited.  Pursuant to the plea agreement, the trial court imposed an aggregate sentence of seven and one-half to fifteen years incarceration.  Appellant did not timely file post-sentence motions or a direct appeal.

On October 29, 2015, Appellant filed a timely *pro se* PCRA petition.  The PCRA court appointed counsel, who filed a **Turner**/**Finley**[1] no-merit letter and

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

---

*   Retired Senior Judge assigned to the Superior Court.

a petition to withdraw as counsel. On February 21, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and on April 18, 2017, entered an order dismissing the petition. Appellant filed a timely *pro se* notice of appeal. The PCRA court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and granted Appellant's multiple *pro se* requests for extension of time. Appellant did not comply with that directive. In its Pa.R.A.P. 1925(a) opinion, the PCRA court suggests that the instant appeal should be dismissed based on Appellant's failure to file a concise statement.

Ordinarily, the failure to file a concise statement results in waiver of the issues to be appealed. ***See*** Pa.R.A.P. 1925(b)(4)(vii); ***see also Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). However, where the PCRA court's order directing an appellant to file a concise statement does not comply with the dictates of Rule 1925(b)(3),[2] waiver under subsection

---

[2] Pursuant to Rule 1925(b)(3), if the trial court elects to order an appellant to file a concise statement of errors complained of on appeal, the order "**shall specify**:"

> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

> (ii) that the Statement shall be filed of record;

> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(b)(4)(vii) is inappropriate. *See Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1011 (Pa. 2010) (plurality). Here, the PCRA court's Pa.R.A.P. 1925(b) order did not comply with the requirements of subsection (b)(3) insofar as it did not direct Appellant to serve a separate copy of the statement on the trial judge, or advise Appellant that any issue not properly included in the statement timely filed and served pursuant to subdivision (b) shall be deemed waived. Accordingly, we may not find waiver of Appellant's claims pursuant to subsection (b)(4)(vii). *See Berg*, *supra*.

However, the record does not explicitly indicate that PCRA counsel was permitted to withdraw, and counsel has not entered an appearance or filed a *Turner/Finley* no-merit letter on appeal. Accordingly, we remand for a determination as to counsel's status. Appellant is entitled to counsel on a first-time PCRA petition, including any appeal. *See* Pa.R.Crim.P. 904(F)(2); *see also Commonwealth v. Figueroa*, 29 A.3d 1177 (Pa.Super. 2011); *Commonwealth v. Robinson*, 970 A.2d 455 (Pa.Super. 2009) (*en banc*). Of course, if counsel was permitted to withdraw based on the filing of *Turner/Finley* no-merit letter, then there is no requirement that new counsel be appointed. *See Commonwealth v. Maple*, 559 A.2d 953 (Pa.Super.

---

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3) (emphasis added).

1989). On the other hand, the failure of counsel to submit a brief on appeal where counsel has not been allowed to withdraw is considered abandonment of counsel and *per se* ineffectiveness. **See Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007).

The record here is unclear whether counsel was permitted to withdraw as the orders issued by the PCRA court do not expressly state that counsel was allowed to withdraw from the case. However, the PCRA court did agree with counsel's **Turner/Finley** no-merit letter, and thereafter issued its concise statement order directly to Appellant, and granted multiple *pro se* petitions by Appellant for extensions of time. In **Turner**, **supra** at 928-929, our Supreme Court stated: "When, in the exercise of his professional judgment, counsel determines that the issues raised under the PCHA are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw[.]"[3] The record clearly evinces that the PCRA court concurred with counsel's assessment; thus, it would appear to be a mere formality that the court did not include in either its final order or notice of intent to dismiss that it granted counsel's request to withdraw.

Accordingly, we instruct the PCRA court to ascertain the status of counsel within thirty days of the filing of this memorandum. If counsel was

_____

[3] The **Turner** Court referenced the Post Conviction Hearing Act, which was the predecessor to the PCRA. **See Commonwealth v. Dandar**, 454 A.2d 641 (Pa.Super. 1983).

permitted to withdraw, then we shall proceed to address Appellant's issues. However, if counsel was not authorized to withdraw, she may still petition the PCRA court to withdraw. *See Commonwealth v. Quail*, 729 A.2d 571, 573 n.2 (Pa.Super. 1999). If granted, this withdrawal will not entitle Appellant to new counsel on appeal. *See Maple*, *supra*. If counsel was not allowed to withdraw, counsel must submit either a brief or *Turner/Finley* no-merit letter with this Court within sixty days of the determination. In this latter event, the Commonwealth will be permitted thirty days to file a responsive brief.

Case remanded. Panel jurisdiction retained.