J-S43033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD DANDAR | : | |
| | : | |
| Appellant | : | No. 130 WDA 2018 |

Appeal from the PCRA Order December 13, 2017
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-MD-0000180-2016

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED SEPTEMBER 24, 2018**

Appellant Ronald Dandar appeals *pro se* from the order dismissing as untimely his two motions for an extension of time to file a serial Post Conviction Relief Act[1] (PCRA) petition from his 1977 conviction for two counts of receiving stolen property. Appellant claims that he is entitled to relief from an illegal sentence. Because there is no appealable order, we quash.

By way of background, we note that in CR-349-1976 and CR-394-1976, Appellant has made numerous filings requesting relief from his **1977** sentence of 1 ½ to 5 years' imprisonment for theft by deception. This Court, on December 1, 2017, affirmed the denial of Appellant's most recent attempt at PCRA relief. **See Commonwealth v. Dandar**, 544 WDA 2017, 2017 WL

---

[1] 41 Pa.C.S. §§ 9541-9546.

5983864 (Pa. Super. filed December 1, 2017) (unpublished mem.). In that case, we set forth the procedural history of this case as follows:

> On November 11, 1976, [Appellant] was convicted by a jury of two counts of theft by deception and sentenced on January 18, 1977, to two concurrent one and one-half to five years terms of imprisonment. On appeal, this Court affirmed the judgment of sentence. ***Commonwealth v. Dandar***, 408 A.2d 534 (Pa. Super. 1979) (unpublished memorandum). [Appellant] was unsuccessful in his first attempt to obtain collateral relief from the judgment of sentence under the Post Conviction Hearing Act (PCHA), the predecessor to the PCRA. ***See Commonwealth v. Dandar***, 454 A.2d 641 (Pa. Super. 1983). In 1997, this Court affirmed the denial of his *pro se* PCRA petition, finding Dandar "was sentenced to two concurrent one and one-half (1½) to five (5) year sentences in 1978, and he is no longer serving a sentence of imprisonment, probation or parole for the theft charges relating to the instant petition." ***Commonwealth v. Dandar***, 704 A.2d 1115 (Pa. Super. October 29, 1997) (unpublished memorandum, at 2).

***Id.*** at *1. We reiterated that because Appellant was no longer serving a sentence of imprisonment, probation or parole for the theft charges, Appellant was not eligible for relief. ***Id.***

While his appeal was pending with this Court, Appellant filed two motions seeking extensions of time in which to file PCRA petitions from his 1977 conviction. Those motions were docketed in MD-180-2016. The PCRA court denied both motions on December 15, 2017, stating that it had no jurisdiction to extend the time for Appellant to file a PCRA petition.

Appellant subsequently filed a notice of appeal from the December 15, 2017 order on the basis that the PCRA court denied him PCRA relief. However, in its 1925(a) opinion, the PCRA court explicitly stated that the December 15,

2017 order "did not, as stated in the Notice of Appeal, dismiss [Appellant's] PCRA petition." Trial Ct. Op., 2/2/18, at n.1.

Initially, we must address whether this appeal is properly before us. We may raise issues concerning our jurisdiction *sua sponte*. **Commonwealth v. Baio**, 898 A.2d 1095, 1098 (Pa. Super. 2006).

In general, appeals are properly taken from final orders. Pa.R.A.P. 341(b); **Commonwealth v. Scarborough**, 64 A.3d 602, 608 (Pa. 2013). "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." **See** Pa.R.Crim.P. 910.

Here, the PCRA court's December 15, 2017 order denied Appellant's motions for an extension of time to file a PCRA petition. As noted by the PCRA court, the order did not dispose of a PCRA petition. Accordingly, we conclude that the PCRA court's order is not a final order and does not fit within any exception permitting an appeal from an interlocutory or collateral order. **See** Pa.R.A.P. 311, 313, 341. Therefore, the order is not appealable, and we must quash this appeal.[2]

Appeal quashed.

_____

[2] In any event, we agree with the PCRA court that there was no basis to extend the time to file a PCRA petition in the instant matter, as Appellant is no longer serving a sentence associated with this case, and is therefore ineligible for PCRA relief. **See** Trial Ct. Mem. and Order, 12/15/17, at 1; **see also** 42 Pa.C.S. § 9543(a)(1)(i).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2018